Mark Darulis
3802 Rosecrans #442
San Diego Ca 92110
619-793-7288
Plaintiff - Pro Per

FILED
2007 NOV 13 PM 3:01
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ do _____ DEPUTY

United States District Court
Southern District of California

Mark Darulis
        Plaintiff
v
City of San Diego, San Diego
Police Officer Hibshman #3773,
C+D Towing Specialists, Inc, San
Diego Parking Enforcement Officer
Parker #8024, San Diego Appeals
Clerk Martha Flores,
        Defendants

'07 CV 2170 JLS (LSP)
Case # _____

42 U.S.C. §1983 Action

Now comes plaintiff Mark Darulis and states the above defendants have violated the 4th and 14th amendments contained in the United States Constitution and requests an appropriate judgement against them.

### Incident #I - Facts

On 11-15-05 at approximately 11:00AM plaintiff was riding his motorcycle, following all traffic laws, down Kettner

One in the City of San Diego minding his own business not bothering anyone. A San Diego police officer (Hilshman #3773) pulled next to plaintiff and for no reasonable cause ordered him over to the side of the road which plaintiff complied with.

Without a warrant the officer began inspecting ("searching") plaintiffs motorcycle and then claimed a problem existed with a turn signal and began to cite the plaintiff. Plaintiff then asserted all his common law and constitutional rights whereupon the officer announced plaintiff was under arrest, handcuffed him, took him into custody and caused plaintiff to be incarcerated. The officer also ordered the tow (seizure) of plaintiffs motorcycle.

After plaintiff was released from incarceration he went to the tow yard (C+D Towing Specialists, Inc.) to retrieve his motorcycle and the tow yard would not release the motorcycle until plaintiff paid to the City of San Diego a Negligent Impound Fee of $102.00 and an Administrative Fee of $72.00. The tow yard explained it was in their contract with the City to collect these 2 fees for the City.

To get his motorcycle out of tow plaintiff had to pay these 2 fees plus another $150.00 to the tow yard for the tow (which is 3 times the normal rate for the distance towed if a private citizen would have requested a tow) and $20.00 for storage making the total bill $344.00

On 12-14-05 the case was dismissed. (Y258094)

2

### Cause of Action #1

Police officer Hibshman #3773 had no reasonable cause to seize plaintiff therefore violating the 4th amendment to the U.S. Constitution making the subsequent arrest, incarceration, and tow of plaintiff's motorcycle an unconstitutional act for which plaintiff is entitled to compensation.

### Cause of Action #2

It is the policy of the City of San Diego to enforce Resolution R-295739 (Formerly R-287839). This Resolution permits the assessment of the $72.00 Administrative Fee one must pay to get their vehicle released from the tow yard, but this fee is only assessed if the driver of the vehicle is arrested. The City indicates that California Vehicle Code 22850.5 permits the assessment of this fee.

This is a complete fraud by the City. All vehicles ordered towed by City employees (except stolen vehicles) are assessed a Negligent Impound Fee of $102.00 (How the City arrives at this amount is unknown and public records exist that in the past the City has overcharged the public this fee). However, the Negligent Impound Fee is justified by C.V.C. 22850.5 but just because in cases where the driver is arrested another $72.00 Administrative Fee is added to the tow bill this

3

does not comply with C.V.C. 22850.5 or any other state or federal law. CVC 22850.5 only allows the City to impose "a charge equal to its administrative costs <u>relating to the removal, impound, storage, or release of the vehicles</u>." (Emphasis added) which is the $102.00 Negligent Impound Fee. There is no where in CVC 22850.5 or any other state or federal law that allows another fee to be assessed (Administrative Fee - $72.00) if the driver is arrested.

This fraudulent action by the City by enforcing this Resolution is depriving the public and plaintiff out of their vehicles until they pay a fraudulent fee no law permits. This appears to violate the Due Process clause of the 14th amendment.

Due Process as defined by the U.S. Supreme Court in <u>Daniel v Williams</u> 474 US. 327, 337 (1986) is "A guarantee of procedural fairness." It is not procedurally fair for the City to retain seizure of the publics towed vehicles until they pay to the City an Administrative Fee no law permits.

By violating Due Process the City then also violates the 4th amendment by retaining seizure of the publics and plaintiffs vehicle without any reasonable case. Plaintiff seeks appropriate damages

1. The City appears to try to trick the public into believing the "Administrative Fee" is legal by playing word games. CVC 22850.5 permit Cities to charge a fee "equal to its <u>administrative</u> costs..." (emphasis added) associated with the tow of vehicles, but it is the "Negligent Impound Fee" the City charges for the "<u>administrative</u> costs" The illegal "Administrative Fee" the City charges has nothing to do with CVC 22850.5.

4

## Cause of Action #3

C+D Towing Specialists, Inc. (who charged plaintiff $150.00 for a $50.00 tow) towed plaintiffs motorcycle at the direction of the San Diego police and would not release his motorcycle until he paid the illegal Administrative Fee. The written contract between C+D and the City in Section 3.10 permits C+D to collect the $102.00 Negligent Impound Fee but nowhere in the contract allows C+D to retain seizure of a vehicle until the owner pays them another $72.00 for the Administrative Fee.

Therefore C+D is even more guilty of taking part in the Due Process/Unreasonable Seizure[2] claim plaintiff submits against the City because they don't even have any contractual right to retain seizure of vehicles until the owner pays the illegal Administrative Fee.[3] Plaintiff seeks appropriate damages

[2] Private tow companies that tow at the direction of police can be held responsible for constitutional violations — See Goichman v Rheuban 682 F2d 1320, 1322 (1982)

[3] Plaintiff suggests a reasonable deduction of why the $72.00 Administrative Fee is not in the tow contract is because the City knows the fee is illegal. If it was in the contract for the tow companies to collect, the tow company attorneys would immediately recognize that collecting the Administrative Fee and the Negligent Impound Fee would be "double billing" the tow victim for the same service and make an issue about it.

## Incident # II - Facts

On 11-16-05 plaintiff was issued a traffic infraction (02074118) by a San Diego county sheriff for violating CVC 22350 (Speed - 70+ in a 65). On 1-30-06 plaintiff timely filed a pre-trial motion to dismiss the case and it was denied on 2-21-06. On 3-6-06 plaintiff changed his not guilty plea to no contest, but reserved his right to appeal the denial of his pre-trial motion. Plaintiff timely went through the appellate process and on 3-28-07 the denial of plaintiff's appeal became final.

Believing his appeal had wrongly been denied plaintiff filed a motion to vacate his plea on 4-30-07 and on 5-23-07 the motion was denied. On 6-19-07 plaintiff attempted to file a timely notice of appeal concerning the denial of his motion to vacate his plea and appeals clerk Martha Flores of the South Bay Superior Court refused to accept it.

## Cause of Action # 1

This incredulous act of appeals clerk Martha Flores of refusing to accept plaintiff's Notice of appeal for filing, prevented plaintiff from contesting his plea that did not meet the constitutional standards set by the U.S. Supreme Court in <u>McCarthy v US</u> 394 US 459, 467 (1969) and <u>Boykin v Alabama</u> 395 US 238 (1969).

Plaintiff does not know of many other acts that could compare to this for violating the Due Process clause of the 14th amendment and Martha Flores is liable to plaintiff for all damages suffered.

Incident #III - Facts

On 10-14-06 plaintiffs vehicle was parked on a public street in San Diego Ca. Department of Parking Enforcement officer Parker # 8024 ordered the tow (seizure) of plaintiffs vehicle for expired registration. Plaintiff admits the plate on his vehicle indicated that it was expired by 30 days, but CVC 22651(o)(1) only permits the seizure of vehicles whose registration is expired in excess of 6 months. The vehicle was eventually sold off at auction.

Cause of Action #1

Officer Parker # 8024 had no reasonable cause in violation of the 4th amendment to order the seizure of plaintiffs vehicle and therefore is liable to plaintiff for all damages suffered because of the unconstitutional seizure.

Incident # IV - Facts

On 7-23-07 plaintiff entered a San Diego hospital for treatment of a severe burn. He had parked his vehicle on a nearby street and when he returned he had recieved a parking citation for violating San Diego Municipal Code 86.2014 (No residential permit for parking)

7

Cause of Action #1

S.D.M.C 86.2014 violates the equal protection clause of the 14th amendment. The City of San Diego cannot restrict parking on a public street to only a portion of the public. Plaintiff seeks appropriate damages for this constitutional violation.

Conclusion

Plaintiff admits he personally is not out a huge amount of money due to the constitutional violations of the defendants, but the larger picture is that some of the violations affect the entire public bringing in the defendants great amounts of money (ex. The unconstitutional Administrative Fee in Incident #I cheats the public out of about $1,000,000 a year and ends up in the pockets of the City of San Diego.)

Therefore as a deterrent to the defendants from continuing their unconstitutional practices plaintiff seeks $10,000 in compensatory and punitive damages for each cause of action in this complaint. If prosecution is successful plaintiff also asks for filing fees, possible 42 USC §1988 costs, and any other costs the Court sees fit.

Mark Darulis
3802 Rosecrans #442
San Diego Ca 92110
619-793-7288
Plaintiff Pro Per

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Mark Daniels

**DEFENDANTS**
2007 NOV 13 PM 3:01 City of S.D. - SD Police Officer Hiloshima #3773
C+D Tony Specialist, Inc. - SD Park Expert Officer Parker #8,024
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA Maulle Flores

(b) County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Per

Attorneys (If Known)
'07 CV 2170 JLS (LSP)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1983
Brief description of cause: Violation of Due Process / Unreasonable Seizure

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No Not Yet

**VIII. RELATED CASE(S) IF ANY**
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 11-13-07
SIGNATURE OF ATTORNEY OF RECORD  Mark Daniels - Pro Per

**FOR OFFICE USE ONLY**
RECEIPT # 144414  AMOUNT $350 - 11/13/07 BH  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144419      - BH

November 13, 2007
15:09:48

Civ Fil Non-Pris
USAO #.: 07CV2170 CIVIL FILING
Judge..: JANIS L. SANMARTINO
Amount.:              $350.00 CA

Total-> $350.00

FROM: DARULIS V. CITY OF SAN DIEGO
      CIVIL FILING