MICHAEL J. AGUIRRE, City Attorney
EUGENE P. GORDON, Assistant City Attorney
California State Bar No. 42615
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendants CITY OF SAN DIEGO, BYRON HIBSHMAN
AND PATRICIA PARKER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA DIVISION

| | |
|---|---|
| MARK DARULIS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; SAN DIEGO POLICE OFFICER HIBSHMAN #3773, C&D TOWING SPECIALISTS, INC.; SAN DIEGO PARKING ENFORCEMENT OFFICER PARKER #8024, SANDIEGO APPEALS CLERK MARTHA FLORES,<br><br>    Defendants. | Case No. 07cv2170 JLS (LSP)<br><br>**DEFENDANTS CITY OF SAN DIEGO, BYRON HIBSHMAN AND PATRICIA PARKER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CLAIMS FOR RELIEF AGAINST DEFENDANTS**<br><br>Date:    February 15, 2008<br>Time:    10:30 a.m.<br>Ctrm;.    6, 3rd Floor<br>Judge:    Hon. Janis L. Sammartino<br>Cmplt Filed: 11/13/07<br>Trial:    Not Set |

    Defendants City of San Diego, Byron Hibshman and Patricia Parker submit the following Memorandum of Points and Authorities in support of their motion for an order dismissing the claims for relief against them in the Complaint.

## I

## INTRODUCTION

    With respect to Defendant City of San Diego police officer Byron Hibshman, Plaintiff's Complaint in the First Cause of Action under "Incident #I" alleges essentially that on November 15, 2005, Officer Hibshman unlawfully stopped Plaintiff while Plaintiff was operating his motorcycle, unlawfully arrested Plaintiff, and unlawfully impounded the

///

1  motorcycle. Officer Hibshman contends that this cause of action is barred by the statute of
2  limitations.
3      With respect to Defendant City of San Diego, Plaintiff's Complaint in the Second Cause
4  of Action under "Incident #II" alleges essentially that a resolution adopted by the San Diego City
5  Council which authorizes the imposition of the payment of motor vehicle impound and storage
6  fees is not authorized by state law. Therefore, according to Plaintiff, Plaintiff's Fourteenth
7  Amendment Due Process rights were violated when he was forced to pay the fees in order to
8  recover his motorcycle from a tow yard. Defendant contends that Plaintiff has failed to allege
9  sufficient facts establishing that the City violated Plaintiff's Due Process rights.
10     With respect to Defendant City of San Diego Parking Enforcement Officer Patricia
11 Parker, Plaintiff's Complaint alleges in the cause of action under "Incident #III" that on
12 October 14, 2006, Officer Parker unlawfully removed Plaintiff's vehicle due to expired
13 registration. Officer Parker contends that this cause of action is time-barred.
14     Plaintiff's Complaint alleges in "Incident #IV" that a City of San Diego ordinance
15 requiring parking permits to park in certain residential areas is unconstitutional. The City
16 contends that Plaintiff has failed to establish that the ordinance is invalid.

## II

### A COMPLAINT SHOULD BE DISMISSED IF IT FAILS TO ALLEGE FACTS UPON WHICH RELIEF CAN BE GRANTED

20 Federal Rules of Civil Procedure, Rule 12(b) provides in relevant part as follows:

. . . .

the following defenses may . . . be made by motion:

. . . .

(6) failure to state a claim upon which relief can be granted.

24 "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of
25 law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Parks School of Business, Inc. v.
26 Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).
27 / / /
28 / / /

## III

## THE CAUSE OF ACTION AGAINST OFFICER BYRON HIBSHMAN IS TIME-BARRED

Actions brought pursuant to 42 U.S.C. § 1983 are governed by the equivalent state statute of limitations. *Wallace v. Cato,* 549 U.S. ___, 127 S. Ct. 1091, 1094 (2007). Plaintiff's claims against Officer Byron Hibshman in the First Cause of Action under "Incident #I" sounds in tort. With regard to the false imprisonment claims (unlawful detention and false arrest), Cal. Code Civ. Proc. § 340(c) sets a limitation period of one year. With respect to the seizure of Plaintiff's motorcycle pursuant to state law incident to Plaintiff's arrest, Cal. Code Civ. Proc. § 340(d) sets a limitation period of one year for "[a]n action against an officer to recover damages for the seizure of property for a statutory forfeiture to the state . . . ."

Here, Plaintiff alleges that on November 15, 2005, Officer Hibshman falsely arrested him and unlawfully seized his motorcycle. Plaintiff's Complaint was filed on November 13, 2007, more than one-year later. Since Plaintiff failed to file his Complaint within one year from the date of the incident giving rise to the litigation, Plaintiff's claims against Officer Byron Hibshman are time-barred.

## IV

## THE CAUSE OF ACTION AGAINST PARKING ENFORCEMENT OFFICER PATRICIA PARKER IS TIME-BARRED

Plaintiff alleges in "Incident #III" of his Complaint that on October 14, 2006, City of San Diego Parking Enforcement Officer Patricia Parker unlawfully impounded Plaintiff's vehicle for expired registration. Plaintiff filed his Complaint against Officer Parker on November 13, 2007, more than one year later. California Code of Civil Procedure § 340(d) provides for a one-year statute of limitations. Since Plaintiff failed to file his action against Officer Parker within the one-year period, his claim against the officer is time-barred.

///

///

///

## V

### PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS DEMONSTRATING THAT THE CITY OF SAN DIEGO VIOLATED PLAINTIFF'S FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

A municipality is not liable under § 1983 unless action pursuant to official policy, practice, or custom caused a constitutional deprivation. *Monell v. Dep't. of Social Services,* 436 U.S. 658 (1978).

Here, Plaintiff alleges in the Second Cause of Action in "Incident #II" that the San Diego City Council adopted a resolution which authorized the imposition of towing and storage fees of motor vehicles. Plaintiff alleges that some of the fees that may be charged pursuant to the Resolution are not authorized by the California Vehicle Code, and thus the adoption of the Resolution and its implementation violated Plaintiff's Due Process rights. However, conduct by an official that violates only state law will not support a claim under § 1983. *Ritschel v. City of Fountain Valley,* 137 Cal. App. 4th 107 (2006). Thus, the alleged failure of the City to comply with the Vehicle Code regarding the establishment of towing and storage fees did not violate Plaintiff's Due Process rights.

## VI

### PLAINTIFF HAS FAILED TO ESTABLISH THAT THE CITY ORDINANCE REQUIRING A PERMIT TO PARK IN CERTAIN RESIDENTIAL NEIGHBORHOODS IS UNCONSTITUTIONAL

Plaintiff alleges in "Incident #IV" of his Complaint that the City of San Diego ordinance that requires a permit to lawfully park in certain residential areas violates the Equal Protection Clause of the Fourteenth Amendment. Plaintiff's allegation amounts to nothing more than a lay opinion, as it is devoid of any legal support. For that reason, Plaintiff has failed to establish that the ordinance is invalid.

## VII

### CONCLUSION

Plaintiff's claims against Byron Hibshman and Patricia Parker are time-barred. The Resolution adopted by the San Diego City Council which regulates towing and storage fees of

///

1 | impounded vehicles was a valid exercise of the City's police power which did not violate
2 | Plaintiff's Due Process rights.
3 |     Plaintiff has failed to establish that the City ordinance which requires a permit to park in
4 | certain residential neighborhoods is unconstitutional.
5 |     For the above reasons, Defendants respectfully request this Court to grant their motion to
6 | dismiss the Complaint with prejudice.

Dated:  December 28, 2007    MICHAEL J. AGUIRRE, City Attorney


By    /s/    EUGENE P. GORDON
     Eugene P. Gordon
     Assistant City Attorney

Attorneys for Defendants CITY OF SAN
DIEGO, BYRON HIBSHMAN and
PATRICIA PARKER