DARLENE A. DORNAN, Court Counsel (State Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (State Bar No. 108242)
220 West Broadway
San Diego, California  92101
Telephone: (619) 531-3036
Facsimile: (619) 685-6606

Attorneys for Defendant, Martha Flores, Court Operations Clerk of the Superior Court of California, County of San Diego (Erroneously sued and served as "San Diego Appeals Clerk Martha Flores")

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS,<br><br>               Plaintiff,<br><br>     v.<br><br>CITY OF SAN DIEGO ET AL.,<br><br>               Defendants. | Case No.: 07-CV-02170-JLS-LSP<br><br>DEFENDANT STATE TRIAL COURT CLERK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT WITH PREJUDICE<br><br>**[No Oral Argument Requested]**<br><br>Date:   February 15, 2008<br>Time:   10:30 a.m.<br>Crtrm:  6, Third Floor<br>Judge:  The Hon. Janis L. Sammartino |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## TOPICAL INDEX

|  | Page |
|---|---|
| TABLE OF AUTHORITIES…………………………..…….………. | -iii- |
| I. SUMMARY......………......………………….…………........ | 1 |
| II. ARGUMENT……………………………………………………… | 2 |
|     A. STANDARD OF REVIEW……….......……………………….. | 2 |
|     B. JUDICIAL IMMUNITY PRECLUDES THIS LAWSUIT AGAINST THE STATE TRIAL COURT CLERK……..……… | 3 |
|     C. ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFF'S CLAIMS............................................................... | 5 |
|     D. THE DISTRICT COURT SHOULD DISMISS THIS ACTION BASED ON ABSTENTION DOCTRINE.................. | 8 |
| III. CONCLUSION………………………………………............... | 10 |

# TABLE OF AUTHORITIES

CASES

| | Page |
|---|---|
| *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct. 3142, 87 L. Ed. 2d 171] (1985).................................................................. | 5 |
| *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)............. | 2 |
| *Bradley v. Fisher*, 80 U.S. 335, 347 [13 Wall. 335, 20 L. Ed. 646] (1871)....... | 4 |
| *Brooks v. Sulphur Springs Valley Elec. Co-Op*, 951 F.2d 1050, 1053 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992).................................. | 5 |
| *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999)............ | 6 |
| *Dalzell v. Kelly*, 104 Cal. App. 2d 66, 67 (1951)…………………………… | 3 |
| *Dennis v. Sparks,* 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980)… | 4 |
| *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983)..................................... | 9 |
| *Dittman v. California,* 191 F.3d 1020, 1025-1026 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000)......................................................... | 5, 6 |
| *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).......................................................................................... | 9 |
| *Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963)...... | 7 |
| *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th Cir. 1991).................. | 5 |
| *Duvall v. County of Kitsap*, 260 F.3d 1124, 1144 (9th Cir. 2001)…………….. | 3 |
| *Ex Parte Young*, 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908)………… | 7 |
| *Exxon Mobil Corp. v. Saudi Basic Industries Corp*., 544 U.S. 280, 284 [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005).......................................... | 9 |

# TABLE OF AUTHORITIES

Page

## CASES (cont'd)

*Federal Maritime Commission v. South Carolina State Ports Authority*, 535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002).............. 5

*Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979)..... 4

*Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 670 [119 S. Ct. 2199, 144 L. Ed. 2d 575] (1999)............. 5

*Forrester v. White*, 484 U.S. 219, 227, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988)…………………………………………………………….. 4

*Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995)............................... 5

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987)............................................................................. 6

*Harmon v. Superior Court*, 329 F.2d 154, 155 (9th Cir. 1964)……………… 5

*Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000)............................... 3

*Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998)...................................................................................... 7

*In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002)…………………………….. 3

*Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed. 2d 114] (1985)................................................................................. 6

*Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006)... 9

*Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)………………………… 2

*McMillian v. Monroe County,* 520 U.S. 781, 789 [117 S. Ct. 1734, 138 L. Ed. 2d 1] (1997)........................................................................ 7


TABLE OF AUTHORITIES

CASES (cont'd)

| Case | Page |
|---|---|
| *Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert. denied*, 528 U.S. 1005 (1999) | 6 |
| *Mireles v. Waco,* 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991) | 4 |
| *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), *cert. denied*, 490 U.S. 1081 (1989) | 7 |
| *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997) | 4 |
| *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) | 4 |
| *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) | 3 |
| *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998) | 9 |
| *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct. 900, 79 L. Ed. 2d 67] (1984) | 5 |
| *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993) | 6 |
| *Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997) | 7 |
| *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) | 3 |
| *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923) | 9 |
| *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 [119 S. Ct. 1563, 143 L. Ed. 2d 760] (1999) | 8 |
| *Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414, 432 (1925) | 6 |

TABLE OF AUTHORITIES

Page

CASES (cont'd)

*Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995 (1988).................................................................................. 4

*Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 [116 S. Ct. 1114, 134 L. Ed. 2d 252] (1996)............................................................................ 5

*Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986)…………………………….. 4

*Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).................................................................................. 6

*Stump v. Sparkman*, 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331] (1978)................................................................................ 4

*Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 [109 S. Ct. 2304, 105 L. Ed. 2d 45] (1989).................................................................... 6

*Wilson v. Kelkhoff,* 86 F.3d 1438, 1444 (7th Cir. 1996)………………………  3

*Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L. Ed. 2d 268] (1937).................................................................... 7

*Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986)... 9

CONSTITUTIONAL PROVISIONS

California Constitution,

    Article VI, Section 1.................................................................................. 6
    Article VI, Section 4.................................................................................. 6

United States Constitution,

    11th Amendment....................................................................................... 5, 6, 7

MEMORANDUM OF POINTS AND AUTHORITIES – vi

07cv02170JLS(LSP)

# TABLE OF AUTHORITIES

Page

## STATUTES-STATE

Government Code

    Section 912.7……………………………………………………………….. 8
    Section 935.8……………………………………………………………….. 8
    Section 948.1……………………………………………………………… 8
    Section 965, subd. (c)……………………………………………………. 8
    Section 70321-70333……………………………………………………… 8
    Section 77003..................................................................................... 8
    Sections 77200……….......................................................................... 8
    Sections 77200-77213……………………………………………………. 8

Vehicle Code

    Section 22350……………………………………………………………… 1

## STATUTES- FEDERAL

42 U.S.C. § 1983 (Civil Rights Act).................................................................. 7

## RULES- FEDERAL

Civil Procedure

    Rule 12(b)(6)........................................................................................ 2

## RULES - STATE

California Rules of Court

    Rule 10.102………………………………………………………………….. 8
    Rule 10.201………………………………………………………………….. 8
    Rule 10.202………………………………………………………………….. 8
    Rule 10.810, function 10(a)(2), (b)..……………………………………… 8

# TABLE OF AUTHORITIES

Page

### CASES IN THE COURT OF APPEAL OF CALIFORNIA

*People of the State of California v. Mark Darulis*, California Court of Appeal, 4th District Division 1, Case No. D050553……………………  1

### CASES IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

*People v. Mark Darulis*, California Trial Court No. 0207418…………………  1

Defendant, Martha Flores, a Court Operations Clerk employed by the Superior Court of California, County of San Diego (hereafter "California State Trial Court") (erroneously sued as "San Diego Appeals Clerk Martha Flores") hereby moves that this Court dismiss the complaint against her, with prejudice. Plaintiff's claims of civil rights violation(s) are barred by state sovereign immunity, judicial immunity, and abstention doctrines.

## I.

## SUMMARY

On November 13, 2007, Plaintiff filed his Complaint in this federal lawsuit, arising out of Plaintiff's dissatisfaction with an order made by the Honorable Wesley R. Mason III, Judge of the California State Trial Court ("Judge Mason"), denying an ex parte request to compel the clerk's office to time stamp and file stamp a Notice of Appeal in an underlying state court criminal infraction action.[1] In the California state court action, Mr. Darulis was cited for violating Vehicle Code section 22350 [unsafe speed and splitting traffic] on November 16, 2005, and pleaded no contest on March 6, 2006. The conviction became final on March 16, 2007.[2]

---

[1] See, Request for Judicial Notice, Exhibit A: Order by Judge Mason dated June 26, 2007, in *People of the State of California v. Mark Darulis*, California State Trial Court No. 0207418.

[2] In that case, Mr. Darulis filed a motion to suppress, which was denied on February 21, 2006. Mr. Darulis pled no contest on March 6, 2006. [Request for Judicial Notice, Exhibit B, Minutes of Guilty Plea]. On March 22, 2006, Mr. Darulis then appealed. The denial was affirmed on February 16, 2007. [Request for Judicial Notice, Exhibit C, Order of the Appellate Division of the California State Trial Court.] The remittitur issued March 16, 2007. [Request for Judicial Notice, Exhibit D.] Mr. Darulis' petition for transfer to the California State Court of Appeal was denied on March 28, 2007. [Request for Judicial Notice, Exhibit E, Docket No. D050553.]

MEMORANDUM OF POINTS AND AUTHORITIES – 1

On April 30, 2007, Mr. Darulis then filed a motion to vacate his guilty plea; the motion was denied on May 23, 2007.[3] On June 19, 2007, Mr. Darulis completed a "Notice of Appeal" from an order dated "May 21, 2007".[4] On June 26, 2007, as noted, Judge Mason denied Mr. Darulis' ex parte request seeking a court order compelling the clerk's office to file his second notice of appeal.

Plaintiff now sues the State Trial Court Clerk, based on Judge Mason's order. The Plaintiff's Complaint alleges violations of his constitutional due process rights under the Fourteenth Amendment. Plaintiff seeks compensatory and punitive damages of $10,000 for each cause of action, and other relief.[5]

## II.

## ARGUMENT

### A.   Standard of Review.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted where there is either a lack of cognizable legal theory upon which to grant relief, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal of the pro se complaint for failure to state a claim is proper, because amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000).

---

[3] Request for Judicial Notice, Exhibit F, Minutes of May 23, 2007 (erroneously dated May 23, 2006.)

[4] Request for Judicial Notice, Exhibit G, Notice of Appeal.

[5] Request for Judicial Notice, Exhibit H, Complaint, pages 6:1-28, 8:18-23.

## B. Judicial Immunity Precludes This Lawsuit Against the State Trial Court Clerk.

Plaintiff's complaint against Defendant Flores in fact arises from his dissatisfaction with the order of Judge Mason in his California state court case. The complaint, therefore, fails to state a claim upon which relief may be granted against Defendant Flores, because she is immune from liability under the judicial immunity doctrine. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000).

In the present matter, Defendant Flores is being sued in connection with Judge Mason's exercise of a judicial function. The California trial court has the authority to direct court clerks concerning the filing of any pleadings. E.g., *Dalzell v. Kelly*, 104 Cal. App. 2d 66, 67 (1951). Court clerks have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (citing *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996)); *Mullis v. United States Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987); *accord*, *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ["[a] court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity."]. Immunity is afforded for activities, such as giving notice, that are: "inexorably connected with ... and are analogous to judicial action invoke absolute immunity .... Thus, not only the actual decision ... but also activities that are part and parcel of the decision process justify absolute immunity." *Wilson v. Kelkhoff,* 86 F.3d 1438, 1444 (7th Cir. 1996). "The fact that the activity is routine or requires no adjudicatory skill renders that activity no less a judicial function." *Id*., at 1444-45.

As well articulated in *Duvall v. County of Kitsap*, 260 F.3d 1124, 1144 (9th Cir. 2001):

> As the Supreme Court has observed, "most judicial mistakes or wrongs are open to correction through ordinary mechanisms of

MEMORANDUM OF POINTS AND AUTHORITIES – 3

> review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 227, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988). Duvall does not need, and should not be allowed, to seek damages from a court administrator for an arguably incorrect determination about his needs or the court's ability to address them. This is what appeals are for. To withhold judicial immunity from the clerk in these circumstances permits a party to play the clerk off against the judge, an unseemly as well as unnecessary distraction. [P] Without question, the judge is the final decision-maker with respect to proceedings in his court.

Certainly, judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-356 [98 S. Ct. 1099, 55 L. Ed. 2d 331] (1978), quoting *Bradley v. Fisher*, 80 U.S. 335, 347 [20 L. Ed. 646, 13 Wall. 335] (1871); *Ferri v. Ackerman*, 444 U.S. 193 [100 S. Ct. 402, 62 L. Ed. 2d 355] (1979); *Schucker v. Rockwood,* 846 F.2d 1202, 1204 (9th Cir. 1988), *cert. denied*, 488 U.S. 995 (1988). So long as the challenged judicial act is within the jurisdiction of the court, there is absolute judicial immunity from liability for the act even where there are allegations of conspiracy. *Dennis v. Sparks,* 449 U.S. 24, 27 [101 S. Ct. 183, 66 L. Ed. 2d 185] (1980). Furthermore, this is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco,* 502 U.S. 9, 11 [112 S. Ct. 286, 116 L. Ed. 2d 9] (1991). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster,* 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997).

    Plaintiff's complaint thus fails to state a claim against Defendant Flores. *Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (clerk of United States Supreme Court has quasi-judicial immunity); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (court clerk's "failure ... to perform a ministerial duty [giving notice of

order] which was a part of judicial process is also clothed with quasi-judicial immunity"); *Harmon v. Superior Court*, 329 F.2d 154, 155 (9th Cir. 1964) (recognizing absolute immunity for county clerk and other judicial personnel).

These authorities establish conclusively that Plaintiff's action against Defendant Flores, the State Trial Court Clerk, is barred by judicial immunity.

### C.  Eleventh Amendment Immunity Bars Plaintiff's Claims.

Because his complaint against the State Trial Court Clerk, Defendant Flores, is a *de facto* attack on the California judge, Plaintiff's action is barred by sovereign immunity. The Eleventh Amendment of the United States Constitution prohibits suits against a state and its agencies and departments for legal or equitable relief. *Federal Maritime Comm'n v. South Carolina State Ports Authority*, 535 U.S. 743, 753 [122 S. Ct. 1864, 152 L. Ed. 2d 962] (2002); *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54 [116 S. Ct. 1114, 134 L. Ed. 2d 252] (1996); *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank,* 527 U.S. 627, 670 [119 S. Ct. 2199, 144 L. Ed. 2d 575] (1999).

"This jurisdictional bar applies regardless of the nature of relief sought." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 [104 S. Ct. 900, 79 L. Ed. 2d 67] (1984); *Brooks v. Sulphur Springs Valley Elec. Co-Op*, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"], *cert. denied*, 503 U.S. 938 (1992). Specifically, "the Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citing *Durning v. Citibank, N.A*., 950 F.2d 1419, 1422-23 (9th Cir. 1991)).

California has not waived its sovereign immunity. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 [105 S. Ct. 3142, 87 L. Ed. 2d 171] (1985); *Dittman*

*v. California*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999), *cert. denied*, 530 U.S. 1261 (2000).

The Superior Court is part of the judicial branch of state government created by the state constitution.

> The superior courts of the State of California, while located and functioning in the several counties of the state, are not local or county courts, but constitute a system of state courts, being vested with and exercising the judicial power of the state under the express terms of section 1 of Article VI of the state constitution.

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) [claim against the state court or its employees was barred by the Eleventh Amendment]; *Sacramento & San Joaquin Drainage Dist. v. Superior Court*, 196 Cal. 414, 432 (1925).

State immunity extends to state officers who act on behalf of the state and can therefore assert the state's sovereign immunity. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 [113 S. Ct. 684, 121 L. Ed. 2d 605] (1993); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 [109 S. Ct. 2304, 105 L. Ed. 2d 45] (1989) [While state officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office; as such, it is no different from a suit against the State itself]; *Kentucky v. Graham,* 473 U.S. 159, 165 [105 S. Ct. 3099, 87 L. Ed. 2d 114] (1985) [Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent].

A judge of the Superior Court is a state officer. Cal. Const. art. VI, § 4; *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1081-1082 (1999); *Meek v. County of Riverside,* 183 F.3d 962, 965 (9th Cir. 1999), *cert. denied*, 528 U.S. 1005 (1999) [holding that municipal court judges are "State officials"].

A suit purportedly against an individual official is actually one against the state if the judgment sought would interfere with the public administration or effectively restrain the state from acting. *Dugan v. Rank*, 372 U.S. 609, 620 [83 S. Ct. 999, 10 L. Ed. 2d 15] (1963); *Worcester County Trust Co. v. Riley*, 302 U.S. 292, 299-300 [58 S. Ct. 185, 82 L. Ed. 2d 268] (1937). Here, any injunction or declaratory relief ordering the California State Trial Court not to proceed would operate against the State of California itself, because any state court can act only through individual adjudicatory officers and their staffs. Thus, restraining the California State Trial Court would effectively restrain the State of California from fulfilling its judicial function, an impermissible result under *Ex Parte Young,* 209 U.S. 123 [28 S. Ct. 441, 52 L. Ed. 714] (1908).

Under 42 U.S.C. § 1983, a key factor in determining whether an actor is a state or county employee is which entity is liable for damages in a suit against the official. *See McMillian v. Monroe County,* 520 U.S. 781, 789 [117 S. Ct. 1734, 138 L. Ed. 2d 1] (1997); *accord*, *Hyland v. Wonder,* 117 F.3d 405, 413 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (quoting *Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 427 [117 S. Ct. 900, 137 L. Ed. 2d 55] (1997) [a crucial factor in determining whether an individual is exercising state or local authority is "who is legally obligated to pay the judgment that is being sought"]; *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) [factors used to determine whether a particular state entity is a state agency entitled to Eleventh Amendment immunity are "whether a money judgment would be satisfied out of state funds, whether the entity performs central governmental functions, whether the entity may sue or be sued, whether the entity has the power to take property in its own name or only the name of the state, and the corporate status of the entity."], *cert. denied*, 490 U.S. 1081 (1989).

Effective July 1, 1997, the State of California assumed sole responsibility for the funding of all state trial court operations, and including litigation. *See* Cal.

Gov't Code §§ 77003, 77200, et seq.; Cal. Rules of Ct., R. 10.810, function 10(a)(2), (b) (Allowable costs include salaries and legal services for allowable court operations), R. 10.201 (claim and litigation procedure), R. 10.202 (litigation management). Effective January 1, 2003, the California Legislature enacted statutory amendments to the Tort Claims Act that made explicit the state Judicial Council's authority to manage and settle claims and lawsuits. Cal. Gov. Code §§ 912.7, 935.8, 948.1, and 965, subd. (c). The California Trial Court Facilities Act also established a process for transferring responsibility for California's courthouse facilities from counties to the state, and made the judicial branch responsible for the construction and operations of court facilities. Cal. Gov. Code §§ 70321-70333. Additionally, the Administrative Director of the Courts may accept on behalf of the state courts any gift of real or personal property only if the gift and any terms and conditions are found to be in the best interest of the State of California. Cal. Rules of Ct., R. 10.102. In October 2004, the California Administrative Office of the Courts, pursuant to the California Trial Court Funding Act (Cal. Gov. Code §§ 77200-77213), established a centralized statewide treasury.

Hence, Defendant Flores should be dismissed with prejudice under the doctrine of state sovereign immunity.

### D. The District Court Should Dismiss This Action Based on Abstention Doctrine.

This action should be dismissed based on abstention doctrine. "[F]ederal and state courts are complementary systems for administering justice in our Nation. Cooperation and comity, not competition and conflict, are essential to the federal design." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 586 [119 S. Ct. 1563, 143 L. Ed. 2d 760] (1999).

The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging

"state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059] (2006), quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 [125 S. Ct. 1517, 161 L. Ed. 2d 454] (2005); *see* also, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 [103 S. Ct. 1303, 75 L. Ed. 2d 206] (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 [44 S. Ct. 149, 68 L. Ed. 362] (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998); *Worldwide Church of God v. McNair*, 805 F.2d 888, 891-92 (9th Cir. 1986). The *Rooker-Feldman* doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059, 1066].[6]

Plaintiff's own pleadings reveal that he is simply dissatisfied with the outcome of the California state court proceedings.

Accordingly, the instant action should be dismissed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[6] All three requirements of the *Rooker-Feldman* doctrine are satisfied in this case: (1) "the party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment or have been in privity with such a party", as was Plaintiff here; (2) "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment"; and (3) "the federal claim must not be parallel to the state-court claim." *Lance v. Dennis*, *supra*, 546 U.S. 459 [126 S. Ct. 1198, 163 L. Ed. 2d 1059, 1064].

## III.

## CONCLUSION

For the reasons stated, Defendant Flores, a State Trial Court Clerk, prays that the instant action be dismissed with prejudice, and judgment entered for her.

Respectfully submitted,

DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego

DATED:

December 28, 2007

By: ___s/ Cheryl L. Brierton_____
CHERYL L. BRIERTON, Litigation Attorney
Attorney for Defendant, Martha Flores, Court Operations Clerk of the Superior Court of California, County of San Diego