Original

Mark Darulis
3802 Rosecrans # 442
San Diego Ca 92110
619 793 7288
Plaintiff-Pro Per

FILED

2008 JAN 16  PM 12: 09

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____KMM_____DEPUTY

United States District Court
Southern District of California.

Mark Darulis
                Plaintiff
v
City of San Diego et. al.
                Defendants

Case # 07 CV 2170 JLS (LSP)

Plaintiffs Opposition to the
City of San Diego, Byron Hibsman
and Patricia Barbaro Motion to
Dismiss
Date: 2-15-08
Time: 10:30AM
Ctrm 6
Judge: J.L. Samartino

        Now comes plaintiff and opposes the defendants Motion to
Dismiss for the following reasons.

        The Time Bar Claim By Officer Byron
        Hibshman is an Issue of Equitable Tolling

        This cause of action was originally timely filed in state
court on 12-5-06 (The unreasonable seizure occured on 11-15-05
and plaintiff timely filed within 6 months a government claim according
to Cal. Govt. Code 910 etc. on 5-11-06. On 6-7-06 the City denied
the claim and plaintiff timely filed the state action within 6 months
according to Cal Govt. Code 910 etc on 12-5-06 ) ( Plaintiff

1   then dismissed the case without prejudice for various reasons
2   on 2-22-07 - See (Appendix )
3       The case law of Cervante v City of San Diego 5 F.3d
4   1273 (1993) suggests that the statute has been tolled. For the
5   statute to be tolled the case basically states three criteria must
6   be met. (1) Timely notice to the defendants in filing the first claim,
7   ( Plaintiff did so by filing according to the mandatory requirements of
8   Cal Gov't Code. 910 etc.) (2) Lack of prejudice to defendants in
9   gathering evidence for the second claim ( defendants have not announced
10  any prejudice and the first claim is identical to the second claim.)
11  (3) Good faith and reasonable conduct in filing the second
12  claim. ( Plaintiff dismissed without prejudice the first claim because
13  the state trial court issued a tentative ruling ( plaintiff dismissed
14  the case before the tentative ruling became a final order) dismissing
15  the complaint but allowing the plaintiff to file an amended
16  complaint.
17      Plaintiff planned to re - style his complaint leaving out
18  a state issue and all that remained were federal claims. Therefore
19  plaintiff felt it would be better to re-file in federal court since
20  all issues would fall under 42 USC § 1983. Plaintiff also wanted
21  to add additional causes of action that fell under 42 USC § 1983 and
22  decided to put them all in one complaint and in a jurisdiction that
23  exclusively handled federal matters.
24      Plaintiff requests this Court to consider that equitable
25  tolling has occurred here.

2

<u>The Cause of Action Against Parking Enforcement
Officer Parker is Not Time Barred</u>

On October 14, 2006 Parking Enforcement Officer Parker
ordered the unconstitutional seizure of plaintiff vehicle. The
<u>vehicle was kept in seizure</u> until approximately December 1, 2006
when it was sold off at auction. Plaintiff states the "damages
for seizure" according to CCP § 340 (a) was the selling off of his
vehicle on or about December 1, 2006. Plaintiff filed this cause of
action on November 13, 2007 — Within the 1 year statute.

<u>Plaintiff Has Alleged Sufficient Facts Demonstrating
That the City Has Violated Plaintiffs 4th and 14th
Amendment Rights Concerning the Unconstitutional
Administrative Fee</u>

Defendant states that plaintiff complains that Resolution
295739 (The "Administrative Fee" one must pay the City to get
their vehicle out of seizure just because they were arrested) <u>violates
only state law</u> therefore it is not cognizable under 42 USC § 1983.
Plaintiffs cause of action states no such thing. Plaintiff
states that R 295739 does not <u>comply</u> with any "state or federal
law" (See Complaint pg 4, lines 1-2) therefore defendants case law of
<u>Ritschel V City of Fountain Valley</u> has no application to the present
circumstances.
The City Council members that passed R 295739 do
not have the power to "invent" a resolution that causes

the public and plaintiffs vehicles to remain in seizure until they pay off the City. Therefore the City that enforces this "invented" Resolution; that has no state or federal counterpart, is violating Due Process and the 4th amendment concerning seizure without probable cause.

<u>Defendant Claims Plaintiff Has Failed to Establish</u>
<u>That a City Ordinance Requiring a Parking Permit in</u>
<u>Certain Residential Neighborhoods is Unconstitutional</u>

Defendant asks this Court to dismiss this cause of action because plaintiff has failed to cite any authorities. Plaintiff does not believe failure to cite an authority is good cause for dismissal.

For all the foregoing reasons plaintiff requests that defendants Motion to Dismiss be denied.

Mark Danulis
3802 Rosecrans # 442
San Diego Ca 92110
619 793 7288
Plaintiff - Pro Per

4

appendix

1  Mark Darulis
2  3802 Rosecrans #412
3  San Diego Ca 92110
4  619-793-7288

FILED
CIVIL BUSINESS OFFICE 19
COPY OF SUPERIOR

06 DEC -5  AM 8:41

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

5          Superior Court of California, County of San Diego
6                    Unlimited Jurisdiction

7  Mark Darulis
8  VS.                    Plaintiff          Case # (GIC) 876395
9  San Diego Police Officer Hibson #3773
10 C + D Towing, San Diego Council Members/    Complaint: Violation of 4th Amendment
11 Associates and Former Members/ Associates            Violation of 14th Amendment
12 Peters - Wear - Atkins - Stevens - Maienschein         Violation of California Penal
13 Frye - Madaffer - Inzunza - Murphy -                  Code of 518
14 City of San Diego and Police Department
15                    Defendants

17      Now comes plaintiff Mark Darulis and states the following issues
18 contained in this Complaint.

19
20                    Facts

21      On 11-15-05 at approximately 11:00 AM plaintiff was riding
22 his motorcycle, following all traffic laws, down Kettner Ave in the
23 City of San Diego minding his own business not bothering anyone. A
24 San Diego police officer (Hibson #3773) pulled next to plaintiff and
25 for no reasonable cause ordered him over to the side of the road
26 which plaintiff complied with.
27      Without a warrant the officer began inspecting ("searching") plaintiffs
28

1  motorcycle and then claimed a problem existed with a turn signal
2  and began to cite the plaintiff. Plaintiff then asserted all his common
3  law and constitutional rights whereupon the officer announced plaintiff
4  was under arrest, handcuffed him, took him into custody and
5  caused plaintiff to be incarcerated. The officer also ordered the tow
6  of plaintiffs motorcycle.
7
8  After plaintiff was released from incarceration he went to the tow
9  yard (C+D Towing) to retrieve his motorcycle and the tow yard would not
10  release the motorcycle until plaintiff paid to the City of San Diego a
11  negligent impound fee of $102.00 and an administrative fee of $72.00.
12  The tow yard explained it was in their contract with the City to collect
13  these 2 fees for the City.
14
15  To get his motorcycle out of tow plaintiff had to pay these 2 fees
16  plus $150.00 for the tow and $20.00 for storage making the total bill
17  $344.00.
18
19  On 12-14-05 the case was dismissed (Y258094)
20
21  <u>Cause of Action #1</u>
22
23  Police officer Hibson # 3773 had no reasonable cause to seize
24  plaintiff therefore violating the 4th amendment to the U.S. Constitution making
25  the subsequent arrest, incarceration, and tow of plaintiffs motorcycle an
26  unconstitutional act for which plaintiff is entitled to compensation.
27
28  <u>Cause of Action #2</u>

The City Council Members / Associates and former Member / Associates

7

1   (Peters, Wear, Atkins, Stevens, Maienschein, Frye, Maddafer, Anguya
2   and Murphy) are responsible for Resolution R-295739 (formerly
3   R-287838) by voting "yea" to pass the Resolution which was in effect
4   at time of the tow of plaintiffs motorcycle. This Resolution permits the
5   assessment of the $72.00 administrative fee one must pay to get their
6   vehicle released from the tow yard, but this fee is only imposed if the
7   driver of the vehicle is arrested. (City records indicate this fee is bringing in the
8   City about $1,000,000 per year) The Council defendants state that California
9   Vehicle Code 22850.5 permits the assessment of this fee
10
11          This is a complete fraud by the Council defendants. All vehicles
12   ordered towed by City employees (except stolen vehicles) are assessed
13   a negligent impound fee of $102.00 (How the City arrives at this amount
14   is unknown) However, the negligent impound fee is justified by C.V.C.
15   22850.5 but just because in cases where the driver is arrested
16   another $72.00 administrative fee is added to the tow bill this
17   does not comply with C.V.C. 22850.5  CVC 22850.5 only allows the
18   City to impose "a charge equal to its administrative costs relating
19   to the removal, impound, storage, or release of the vehicles." (Emphasis added)
20   which is the $102.00 negligent impound fee. There is no where in
21   CVC 22850.5 that allows another fee to be imposed (administrative
22   fee - $72.00) if the driver is arrested.
23
24          This fraudulent action by the Council defendants by passing
25   this Resolution and the San Diego police department that collects this
26
27
28

3.

1  fee is depriving the public and plaintiff out of their vehicles until they

2  pay a fraudulent fee no California Vehicle Code Section provides

3  for. This appears to violate the Due Process clause of the 14th

4  Amendment. Most certainly though, this action meets the criminal

5  definition contained in Section 518 of the California Penal Code "Extortion".

6

7  As defined in Section 518 "Extortion is the obtaining of property from

8  another, with his consent, ... induced by a wrongful use of ... official

9  right." The City of San Diego and Police Department whose policy to

10  enforce R-295739 (voted to pass by Criminal defendants) is "obtaining

11  of property from another (the towed vehicle or owners money), with his

12  consent, ... induced by a wrongful use of ... official right." (R-295739-

13  administrative fee)

14

15                        Cause of Action  #3

16

17  C+D Towing that towed plaintiffs motorcycle refused to release his

18  motorcycle until he paid the illegal administrative fee. The contract between

19  C+D Towing and the City in Section 3.10 permits C+D towing to collect

20  the $102.00 negligent impound fee but nothing is said about the $72.00

21  administrative fee¹. Therefore C+D Towing is taking part in the due process/

22  extortion claim plaintiff submits against the other defendants.

23

24

25  ¹Plaintiff suggests that a reasonable deduction of why the $72.00 administrative

26  fee is not in the Tow Contract is because the City/Police Department knows the fee is

27  illegal. If it was in the contract for the tow companies to collect, the tow company

28  attorneys would immediately recognize that collecting the administrative fee and

    negligent impound fee would be "double billing" the tow victim for the same service

    and make an issue about it.

                                    4

Whereas, for the wrongdoing of all the defendants in this case plaintiff seeks the following monetary awards for compensatory and punitive damages.

$10,000 - San Diego Police Officer Hilson # 3773 - (Violation of the 4th amendment and the resulting injuries).

$10,000 - City Council / Associates and former Council / Associates - Peter Wear, Atkins, Stevens, Maienschein, Frye, Madaffer, Inzunza, Murphy - (Voting to pass R-295739, which California Penal Code 518 describes as extortion, that fraudulently costs the public about $1,000,000 a year.)

City of San Diego / Police Dept (Enforcing the illegal administrative fee and pocketing the $1,000,000 a year.)

Plaintiff requests the $10,000 be levied separately against each defendant.

$10,000 - C+D Towing (Taking part in the illegal administrative fee scam without any contracted approval)

Respectfully Submitted
Mark Daniels Pro Per

3802 Rosecrans #442
San Diego Ca 92110
619-793-7288

On 5-11-06 plaintiff timely filed a government claim with the City of San Diego about this incident. On 6-7-06 the City denied the claim.

5

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| Mark Darulis Pro Per<br>3802 Rosecrans # 452<br>SD Cal 92110 | 619 793 7288 | |
| ATTORNEY FOR *(Name):* Pro Per     BAR # | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

PLAINTIFF/PETITIONER: Mark Darulis

DEFENDANT/RESPONDENT: City of San Diego et. al

FEB 22 '07 PM 4:32

| **REQUEST FOR DISMISSAL** | CASE NUMBER: |
|---|---|
| ☐ Personal Injury, Property Damage, or Wrongful Death<br> ☐ Motor Vehicle  ☒ Other USC 42 § 1983<br>☐ Family Law    CONSTITUTIONAL VIOLATIONS<br>☐ Eminent Domain<br>☐ Other *(specify):* | GIC 876 395 |

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

1. **TO THE CLERK: Please dismiss this action as follows:**
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☒ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*                on *(date):* 2-22-07
      (4) ☐ Cross-complaint filed by *(name):*                on *(date):* 2-22-07
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☐ Other *(specify):**

Date: 2-22-07

...MARK DARULIS............
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

\* If dismissal requested is of specified parties only, of specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

▶ Mark Darulis Pro Per
(SIGNATURE)

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-complainant

2. **TO THE CLERK: Consent to the above dismissal is hereby given.**\*\*
Date: 2-22-07

...MARK DARULIS... Pro Per
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☒ PARTY WITHOUT ATTORNEY)

\*\* If a cross-complaint—or Response (Family Law) seeking affirmative
relief—is on file, the attorney for cross-complainant (respondent) must
sign this consent if required by Code of Civil Procedure section 581(i)
or (j).

▶ Mark Darulis Pro Per
(SIGNATURE)

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-complainant

*(To be completed by clerk)*

3. ☐ Dismissal entered as requested on *(date):*
4. ☐ Dismissal entered on *(date):*                as to only *(name):*
5. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

6. ☐ a. Attorney or party without attorney notified on *(date):*
   b. Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to conform    ☐ means to return conformed copy

CLERK OF THE SUPERIOR COURT

Date:                                    by _____, Deputy

| Form Adopted by the<br>Judicial Council of California<br>982(a)(5) [Rev. January 1, 1997]<br>EDGC GN 52(Rev. 1-97)    Mandatory Form | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.<br>Cal. Rules of Court, rules 383, 1233 |

NAME, ADDRESS, AND TELEPHONE NUMBER
OF ATTORNEY(S)
Mark Darulis
3802 Rosecrans #442
San Diego CA 92110
619-793-7288

ATTORNEY(S) FOR Pro Per

Mark Darulis

vs

City of San Diego et. al.

CASE NUMBER

07 CV 2170 JLS (LSP)

**PROOF OF SERVICE**

I declare that:

I am (a resident of/employed in) the county of ___San Diego___ California.
(County where mailing occurred)

I am over the age of eighteen years and not a party to the within cause; my (business/residence) address is: 3802
Rosecrans # 442 San Diego Ca 92110

On 1-16-08 I served the within Plaintiffs Opposition to de City of S.D. itd
(Date)                                                       Motion to Dismiss
Plaintiffs Opposition to Cent Operation Clk on the Defendants
Motion to Dismiss
in said cause, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States
mail at San Diego Ca addressed as follows:

Eugene Gordon - Assistant City Attorney        Cheryl Brierto - Litigation Attorney
1200 3rd Ave # 1100                             220 W. Broadway
S.D. Cal 92101                                  S.D. Cal 92101

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on
1-16-08 at San Diego California.
(Date)                          (Place)

___MARK DARULIS___              ___Mark Darulis___
(Type or Print Name)            (Signature)