DARLENE A. DORNAN, Court Counsel (Bar No. 182228)
Superior Court of California, County of San Diego
By CHERYL L. BRIERTON, Litigation Attorney (Bar No. 108242)
220 West Broadway
San Diego, California  92101
Telephone:  (619) 531-3036
Facsimile:  (619) 685-6606

Attorneys for Defendant, Martha Flores, Court Operations Clerk of the Superior Court of California, County of San Diego (Erroneously sued and served as "San Diego Appeals Clerk Martha Flores")

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN DIEGO,<br>et al.,<br><br>　　　　　　Defendants. | Case No. 07-CV-02170-JLS-LSP<br><br>REPLY BY DEFENDANT, MARTHA FLORES, CLERK OF THE CALIFORNIA COURT, IN SUPPORT OF MOTION TO DISMISS<br><br>[NO ORAL ARGUMENT REQUESTED]<br><br>Date :  February 15, 2008<br>Time :  10:30 a.m.<br>Crtrm:  6, Third Floor<br>Judge:  Hon. Janis L. Sammartino |

　　　Defendant, Martha Flores, Court Operations Clerk ("State Trial Court Clerk") of the Superior Court of California, County of San Diego ("California Court"), hereby submits the following reply in support of her Motion to Dismiss Plaintiff's Complaint with prejudice.

　　　Plaintiff's Opposition, received on January 17, 2008, asserts that Defendant State Trial Court Clerk was not instructed by a judge to refuse to accept Plaintiff's appeal. Plaintiff also argues that abstention doctrine does not apply, because Plaintiff is not challenging the state court decision in his underlying state criminal case.

1 To the contrary, the existence of an order by a State Trial Court judge is established by the Order by Judge Mason dated June 26, 2007, in *People of the State of California v. Mark Darulis*, California State Trial Court No. 0207418, of which judicial notice has properly been requested.[1] Therefore, as reflected in the authorities cited in the Motion to Dismiss, judicial immunity applies.

Plaintiff does not address Defendant's controlling citations. Plaintiff's sole citations are to *Snyder v. Nolen*, 380 F.3d 279 (7th Cir. 2004), and *McCray v. Maryland* 456 F.2d 1 (4th Cir. 1972). In *Snyder*, as in *McCray*, the court noted that, unlike the instant case, there was no claim the clerk acted at the direction of a judge, noting that if the clerk had been so acting, the clerk was protected by judicial immunity. *Snyder*, *supra*, at 289; *McCray*, *supra*, at 10. Conversely, even if the clerk were not acting at the direction of a judge, Plaintiff cannot plead denial of his access to the courts, since a judge did in fact rule on his request to file the pleading. *Snyder*, *supra*, at 290, explains this analysis, noting it applies with equal force to due process claims.

Plaintiff does not address the authorities concerning state sovereign immunity, also set forth in the Motion to Dismiss. This principle also operates as a dispositive bar to Plaintiff's claims against the State Trial Court Clerk.

As such, the State Trial Court Clerk's motion to dismiss should be granted, with prejudice, and a judgment entered in her favor.

DATED: DARLENE A. DORNAN, Court Counsel
Superior Court of California, County of San Diego
January 30, 2008

By: ___s/Cheryl L. Brierton_____
CHERYL L. BRIERTON, Litigation Attorney
Attorneys for Defendant, Martha Flores, Court Operations Clerk of the Superior Court of California, County of San Diego

---

[1] Request for Judicial Notice, Exhibit A.