MICHAEL J. AGUIRRE, City Attorney
EUGENE P. GORDON, Assistant City Attorney
California State Bar No. 42615
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile:  (619) 533-5856

Attorneys for Defendants CITY OF SAN DIEGO, BYRON HIBSHMAN and PATRICIA PARKER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA DIVISION

| | |
|---|---|
| MARK DARULIS, | Case No. 07cv2170JLS (LSP) |
| Plaintiff, | **DEFENDANTS CITY OF SAN DIEGO, BYRON HIBSHMAN AND PATRICIA PARKER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| CITY OF SAN DIEGO; SAN DIEGO POLICE OFFICER HIBSHMAN #3773, C&D TOWING SPECIALISTS, INC.; SAN DIEGO PARKING ENFORCEMENT OFFICER PARKER #8024, SAN DIEGO APPEALS CLERK MARTHA FLORES, | Date:     February 15, 2008<br>Time;    10:30 a.m.<br>Ctrm;.    6, 3rd Floor<br>Judge:   Janis L. Sammartino<br>Cmplt Filed: 11/13/07 |
| Defendants. | Trial:    Not Set |

Defendants City of San Diego, Byron Hibshman and Patricia Parker submit the following Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss:

I

**PLAINTIFF'S § 1983 CLAIM AGAINST DEFENDANT BYRON HIBSHMAN IS BARRED BY THE STATUTE OF LIMITATIONS**

It is undisputed that Plaintiff failed to file the instant § 1983 action within California's one-year statute of limitations applicable with respect to the alleged actions of Defendant Police Officer Byron Hibshman. Although Plaintiff contends in his Opposition that the statutes were equitably tolled, Plaintiff's Complaint fails to allege any facts supporting equitable tolling of the limitation periods. For that reason alone, the Complaint should be dismissed as to Officer Hibshman.

1

1   In any event, the allegations in Plaintiff's Opposition relating to equitable tolling are insufficient to warrant the application of equitable tolling to the instant § 1983 Complaint. Plaintiff states that his encounter with Officer Hibshman occurred on November 15, 2005; on May 11, 2006, Plaintiff presented an administrative tort claim to the City of San Diego for money damages; on June 7, 2006, the City denied the claim; and on December 5, 2006, Plaintiff filed a lawsuit in state court alleging, among other things, that on November 15, 2005, Officer Hibshman violated Plaintiff's Fourth Amendment rights. Plaintiff subsequently dismissed that lawsuit on February 22, 2007. The instant action was filed on November 13, 2007.

Plaintiff argues that the one-year statute of limitations on his § 1983 claim was tolled during the pendency of his state administrative remedies. Specifically, Plaintiff relies on the administrative tort claim that he presented to the City of San Diego, the City's denial of that claim, and Plaintiff's subsequent lawsuit filed in state court in support of his argument that the instant federal civil rights claim was tolled. Plaintiff's contention is untenable.

Plaintiff's *state* court action was timely filed within six months after the City denied Plaintiff's administrative tort claim, but it was not filed within one year after the incident occurred. Officer Hibshman concedes that the state court proceedings resulted in equitable tolling of the limitations period governing Plaintiff's § 1983 claim in *state* court against the officer. Thus, the § 1983 claim against Officer Hibshman in the *state* court action was not time-barred by the one-year statute of limitations even though the lawsuit was filed more than a year after the cause of action accrued. *See Lucchesi v. Bar O Boys Ranch,* 353 F.3d 691, 694-95 (9th Cir. 2003), and *Azer v. Connell,* 306 F.3d 930 (9th Cir. 2002).

Plaintiff dismissed the state court action and approximately nine months later filed the present action against Officer Hibshman in federal court. The instant case was filed nearly two years after the cause of action alleging a violation of Plaintiff's Fourth Amendment rights accrued.

Officer Hibshman contends that the one-year statute of limitations was tolled to December 5, 2006, the date Plaintiff filed his § 1983 action against Officer Hibshman in state court. Up to that time, due to the administrative claim proceedings, the officer was aware of the

potential for litigation and of the need to prepare a defense. Thus, in order to prevent the claim from being time-barred, it was just and appropriate that the doctrine of equitable tolling be applied to permit Plaintiff's § 1983 claim in state court to proceed against Officer Hibshman.

This is not a case where Plaintiff initially had several legal remedies and, reasonably and in good faith, elected to pursue one designed to reduce the extent of his injuries or damages. In such a case, under California law, equitable tolling would relieve Plaintiff from the bar of a limitations statute. *Cervantes v. City of San Diego,* 5 F.3d 1273 (9th Cir. 1993). Rather, this is a case where Plaintiff has pursued a single remedy against Officer Hibshman, namely, money damages for an alleged violation of Plaintiff's Fourth Amendment rights. Equitable tolling of that claim was proper in the state court action; it is not appropriate in the present action.

Accordingly, the Complaint against Officer Hibshman should be dismissed without leave to amend.

## II

### THE CAUSE OF ACTION AGAINST DEFENDANT PATRICIA PARKER FOR THE ALLEGED UNLAWFUL SEIZURE OF PLAINTIFF'S VEHICLE IS TIME-BARRED

Section 1983 actions are governed by the state statute of limitations for personal injury actions. *See Wilson v. Garcia,* 471 U.S. 261, 276 (1985). Although state law determines the length of the limitations period, "federal law determines when a civil rights claim accrues." *Morales v. City of Los Angeles,* 214 F.3d 1151, 1153-54 (9th Cir. 2000). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 1154.

Here, Plaintiff alleges in Incident #III of his Complaint that on October 14, 2006, Defendant Parking Enforcement Officer Patricia Parker unlawfully seized Plaintiff's vehicle. The cause of action for that alleged unconstitutional conduct accrued on the date of the seizure, not at a later time when the vehicle was allegedly sold at auction. Plaintiff filed this action against Patricia Parker on November 13, 2007, more than one year after the cause of action accrued. Therefore, the claim against Defendant Parker is time-barred and Incident #III should be dismissed without leave to amend.

### III

**PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED THAT
THE CITY RESOLUTION REGULATING TOWING AND
STORAGE FEES OF MOTOR VEHICLES THAT HAVE BEEN
IMPOUNDED VIOLATES FEDERAL LAW OR IS UNCONSTITUTIONAL**

Plaintiff alleges that the Resolution adopted by the San Diego City Council which regulates the fees on vehicles that are impounded by the City does not comply with the California Vehicle Code "or any other state or federal law." However, Plaintiff does not identify any particular federal statute that was allegedly violated by the City Council.

Plaintiff's Complaint fails to allege that the adoption of the subject Resolution was anything other than a valid exercise of the City's police power to regulate the amount of fees that may be imposed in connection with impounded vehicles. Accordingly, this claim against the City of San Diego should be dismissed without leave to amend.

### IV

**PLAINTIFF HAS FAILED TO SUFFICIENTLY ALLEGE
THAT THE CITY ORDINANCE REQUIRING A PERMIT TO
PARK IN CERTAIN RESIDENTIAL AREAS IS UNCONSTITUTIONAL**

In his Opposition, Plaintiff asserts that he does not need to cite any authority in support of his allegation that the City ordinance requiring a permit to lawfully park in certain residential neighborhoods is unconstitutional. A sweeping conclusion that the ordinance violates the Equal Protection Clause of the Fourteenth Amendment without any supporting authority is insufficient to allege a claim against the City for which relief can be granted. Accordingly, this claim against the City should be dismissed without leave to amend.

### V

### CONCLUSION

Plaintiff's Complaint does not allege any facts supporting equitable tolling. The argument in Plaintiff's Opposition regarding equitable tolling lacks merit. Thus, the cause of action against Officer Hibshman is time-barred and should be dismissed without leave to amend.

The cause of action against parking enforcement officer Patricia Parker for the seizure of Plaintiff's vehicle accrued more than one year before this action was filed against the officer.

1 | Thus, the action against Officer Parker is time-barred and should be dismissed without leave to
2 | amend.
3 |     The two claims against the City of San Diego alleging that a Resolution governing the
4 | amount of fees imposed in connection with impounded vehicles and the validity of a parking
5 | ordinance fail to allege sufficient facts and authority upon which relief can be granted. For that
6 | reason, the claims should be dismissed.
7 |     Dated: February 5, 2008        MICHAEL J. AGUIRRE, City Attorney

By  /s/  EUGENE P. GORDON
Eugene P. Gordon
Assistant City Attorney

Attorneys for Defendants CITY OF SAN DIEGO, BYRON HIBSHMAN and PATRICIA PARKER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>        Defendants. | Case No.: 07cv2170JLS (LSP)<br><br>**DECLARATION OF SERVICE** |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to this action; and that I served the individuals on the service list attached hereto the following documents,

**DEFENDANTS CITY OF SAN DIEGO, BYRON HIBSHMAN AND PATRICIA PARKER'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

in the following manner: (Check one)

1)\_\_\_ By personally serving the individual named by personally delivering the copies to the offices of the addressee. Time of delivery: _____ a.m./p.m.

2)\_ By placing a copy in a sealed envelope and placing it for collection and mailing with the United States Postal Service this same day, at my address shown above, following ordinary business practices.

3) **XX** By electronic filing, I served each of the above referenced documents by E filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

**Cheryl Lynn Brierton**
cheryl.brierton@sdcourt.ca.gov,pui.tsang@sdcourt.ca.gov,tammy.vates@sdcourt.ca.gov,john.blair@sdcourt.ca.gov

**Notice will be delivered by U.S. Mail to:**
Mark Darulis
3802 Rosecrans, #442
San Diego, CA 92110

Executed: February 5, 2008, at San Diego, California.

                                                            MARY YEOMANS