1  Lynn M. Beekman, SBN 149325
   lbeekman@wertzmcdade.com
2  WERTZ McDADE WALLACE MOOT & BROWER
   A Professional Corporation
3  945 Fourth Avenue
   San Diego, California  92101
4  (619) 233-1888 / Fax: (619) 696-9476

5  Attorneys for Defendant C&D Towing Specialists, Inc.

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10 | MARK DARULIS,                    | CASE NO. 07cv2170JLS (LSP)
11 |            Plaintiff,            | **ANSWER TO COMPLAINT**
12 |       v.                         |
13 | CITY OF SAN DIEGO; SAN DIEGO     |
   | POLICE OFFICER HIBSHMAN #3773; C&D |
14 | TOWING SPECIALISTS, INC.; SAN DIEGO | Ctrm:          6, 3rd Floor
   | PARKING ENFORCEMENT OFFICER       | Judge:         Janis L. Sammartino
15 | PARKER #8024; SAN DIEGO APPEALS   | Complaint Filed: November 13, 2007
   | CLERK MARTHA FLORES,              |
16 |                                   | Trial Date:    Not Set
   |            Defendants.            |
17

18      Defendant C&D Towing Specialists, Inc.  ("C&D TOWING"), by and through its

19 attorneys, Lynn M. Beekman of Wertz McDade Wallace Moot & Brower, for its Answer to the

20 Complaint states as follows:

21              **ANSWER TO: "INCIDENT # 1 - FACTS"**

22      1.      C&D TOWING lacks sufficient knowledge and information to form a belief as to

23 the truth or falsity of the allegations in paragraph 1 and therefore denies the same.

24      2.      C&D TOWING admits that on or about 11-15-05 the tow of a motorcycle

25 registered to Mark Darulis was ordered by San Diego Police Officer Hibshmann.  C&D TOWING

26 lacks sufficient knowledge and information to form a belief as to the truth or falsity of any of the

27 remaining allegations in paragraph 2 and therefore denies the same.   To the extent the allegations

28 are legal conclusions, they do not require a denial or an admission.

3.     C&D TOWING admits that it would not release Mark Darulis's motorcycle to him without payment of certain fees required to be collected and forwarded to the City of San Diego, pursuant to authorized and applicable statutes, codes, ordinances, resolutions, regulations and policies.  The fees collected were as follows: $72.00 Administrative Fee and a $102.00 Negligent Impound Fee.  C&D TOWING admits that it has a contract with the City of San Diego which requires it to collect and forward such fees all as authorized by applicable statutes, codes, ordinances, resolutions, regulations and policies.   The contract speaks for itself  and the interpretation and applicability of its provisions are legal conclusions not requiring any admission or denial.  C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of any of the remaining allegations in paragraph 3 and therefore denies the same.

4.     C&D TOWING admits that Mark Darulis's total bill for services rendered on or about 11-15-05 through 11-15-05, including towing, storage, and all other authorized fees and charges was $344.00 and that this bill was paid in full.   C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of any of the remaining allegations in paragraph 4 and therefore denies the same.

5.     C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 5 and therefore denies the same.  To the extent the allegations are legal conclusions, they do not require a denial or an admission.

**ANSWER TO: "Cause of Action #1"**

6.     C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 6 and therefore denies the same.  To the extent the allegations are legal conclusions, they do not require a denial or an admission.

**ANSWER TO: "Cause of Action #2"**

7.     C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 7 and therefore denies the same.  To the extent the allegations are legal conclusions, they do not require a denial or an admission.  To the extent the allegations cite Resolutions and Vehicle Codes, they do not require a denial or an admission as the terms of such Codes and Resolutions speak for themselves and their interpretation and

**WERTZ MCDADE WALLACE MOOT & BROWER**
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

**WERTZ MCDADE WALLACE MOOT & BROWER**
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

1    applicability are legal conclusions.

2         8.    C&D TOWING lacks sufficient knowledge and information to form a belief as to

3    the truth or falsity of the allegations in paragraph 8 and therefore denies the same. To the extent

4    the allegations are legal conclusions, they do not require a denial or an admission. To the extent

5    the allegations cite Resolutions and Vehicle Codes, they do not require a denial or an admission as

6    the terms of such Codes and Resolutions speak for themselves and their interpretation and

7    applicability are legal conclusions.

8         9.    C&D TOWING lacks sufficient knowledge and information to form a belief as to

9    the truth or falsity of the allegations in paragraph 9 and therefore denies the same. To the extent

10   the allegations are legal conclusions, they do not require a denial or an admission.

11        10.   C&D TOWING lacks sufficient knowledge and information to form a belief as to

12   the truth or falsity of the allegations in paragraph 10 and therefore denies the same. To the extent

13   the allegations are legal conclusions, they do not require a denial or an admission. *Daniel v.*

14   *Williams,* 474 U.S. 327, 337 (1986) speaks for itself and its interpretation and applicability are

15   legal conclusions.

16        11.   C&D TOWING lacks sufficient knowledge and information to form a belief as to

17   the truth or falsity of the allegations in paragraph 11 and therefore denies the same. To the extent

18   the allegations are legal conclusions, they do not require a denial or an admission.

19        12.   C&D TOWING lacks sufficient knowledge and information to form a belief as to

20   the truth or falsity of the allegations in paragraph 12 and therefore denies the same. To the extent

21   the allegations are legal conclusions, they do not require a denial or an admission. To the extent

22   the allegations cite Vehicle Codes, they do not require a denial or an admission as the terms of

23   such Codes speak for themselves and their interpretation and applicability are legal conclusions.

24                        **ANSWER TO: "Cause of Action #3"**

25        13.   C&D TOWING admits that on or about 11-15-05 it towed a motorcycle registered

26   to Mark Darulis at the direction of the San Diego Police. C&D TOWING admits that it would not

27   release Mark Darulis's motorcycle to him without payment of certain fees required to be collected

28   and forwarded to the City of San Diego, pursuant to authorized and applicable statutes, codes,

1    ordinances, resolutions, regulations and policies. The fees collected were as follows: $72.00

2    Administrative Fee and a $102.00 Negligent Impound Fee. C&D TOWING admits that it has a

3    contract with the City of San Diego which requires it to collect and forward such fees all as

4    authorized by applicable statutes, codes, ordinances, resolutions, regulations and policies. The

5    contract speaks for itself  and the interpretation and applicability of its provisions are legal

6    conclusions not requiring any admission or denial. To the extent any allegations are legal

7    conclusions, they do not require a denial or an admission. C&D TOWING denies the remaining

8    allegations in paragraph 13.

9        14.    The contract speaks for itself and the interpretation and applicability of its

10    provisions are legal conclusions not requiring any admission or denial. To the extent any other

11    allegations are legal conclusions, they do not require a denial or an admission. *Goichman v.*

12    *Rheuban Motors,* 682 F.2d 1320, 1322 (1982) speaks for itself and its interpretation and

13    applicability are legal conclusions. C&D TOWING denies the remaining allegations in paragraph

14    14.

15        **ANSWER TO: "INCIDENT # II - FACTS"**

16        15.    This cause of action does not appear to be pled against C&D TOWING. However,

17    in an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a

18    belief as to the truth or falsity of the allegations in paragraph 15 and therefore denies the same.

19        16.    This cause of action does not appear to be pled against C&D TOWING. However,

20    in an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a

21    belief as to the truth or falsity of the allegations in paragraph 16 and therefore denies the same.

22        **ANSWER TO: "Cause of Action #1"**

23        17.    This cause of action does not appear to be pled against C&D TOWING. However,

24    it an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a

25    belief as to the truth or falsity of the allegations in paragraph 17 and therefore denies the same.

26        18.    This cause of action does not appear to be pled against C&D TOWING. However,

27    it an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a

28    belief as to the truth or falsity of the allegations in paragraph 18 and therefore denies the same.

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

### ANSWER TO: "INCIDENT # III - FACTS"

19.    This cause of action does not appear to be pled against C&D TOWING.  However, it an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 19 and therefore denies the same.

### ANSWER TO: "Cause of Action #1"

20.    This cause of action does not appear to be pled against C&D TOWING.  However, it an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 20 and therefore denies the same.

### ANSWER TO: "INCIDENT  # IV - FACTS"

21.    This cause of action does not appear to be pled against C&D TOWING.  However, it an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 21 and therefore denies the same.

### ANSWER TO: "Cause of Action #1"

22.    This cause of action does not appear to be pled against C&D TOWING.  However, it an abundance of caution, C&D TOWING lacks sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 22 and therefore denies the same.

### AFFIRMATIVE DEFENSES

As for its separate affirmative defenses, C&D TOWING alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    The Complaint fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

### (Abstension, or alternatively, Issue Preclusion, etc.)

2.    The Court should abstain from hearing this case and dismiss under *Younger v. Harris* case, and its progeny, which hold that a district court must abstain and dismiss where: (1) state proceedings are ongoing; (2) important state interests are involved; and (3) the plaintiff has an adequate opportunity to litigate federal claims in the state proceedings.  (*Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746 (1971); *Middlesex County Ethics Committee v. Garden State Bar Ass'n,*

1    457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982); *Canatella v. State of California*, 304 F.3d 843,

2    850 (9th Cir. 2002)).

3         The Honorable Superior Court Judge John S. Meyer sustained the demurrer of C&D

4    TOWING, as well as the demurrers of the other defendants, the individual City Council Members,

5    the City of San Diego and the San Diego Police Department, with leave to amend.  Plaintiff failed

6    to file an amended complaint, thereby conceding that he could not allege facts that stated a cause

7    of action under 42 U.S.C. § 1983.  After reading the tentative ruling, he dismissed the case without

8    prejudice.  But because the dismissal was not yet in the Court's file, the hearing took place and the

9    tentative ruling was not modified or vacated by oral argument and became the final Order of the

10   Court.  [See, California Rules of Court, rule 324].  As ordered by the Court, the prevailing party

11   prepared and served a notice of ruling pursuant to California Code of Civil Procedure §1019.5.

12        The Honorable Superior Court Judge John S. Meyer ruled, "Resolution R-295739

13   reauthorized the imposition of a $72 unlicensed driver vehicle impound fee.  Its stated purpose

14   was to fund the San Diego Traffic Offenders Program, implicating budgetary priorities and

15   services of the City.  Notably, the complaint does not pray for a judicial determination that the

16   Resolution is unconstitutional or somehow invalid."   As for the claim for violation of due process

17   rights under the 14th Amendment, Judge Meyers' ruling stated, "[t]he Resolution is not ad hoc

18   legislation; rather it is aimed at all motor vehicles and applies to the public at large….Notably, the

19   complaint does not pray for a judicial determination that the Resolution is unconstitutional or

20   somehow invalid."

21        Plaintiff cannot escape the ruling by filing a dismissal without prejudice before the

22   hearing.  A dismissal without prejudice cannot be filed once the court posts an adverse tentative

23   ruling.  *Groth Bros. Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60, 72.  Any other

24   decision would permit a plaintiff "who was led to suppose a decision would be adverse to him to

25   prevent such decision and begin anew, thus subjecting the defendant to annoying and continuing

26   litigation." Moreover, it would waste "the time and money of the people in a fruitless proceeding

27   in the courts." (*Wells v. Marina City Properties, Inc.* (1986) 29 Cal.3d 781, 785; *Groth Bros.*

28   *Oldsmobile, Inc. v. Gallagher* (2002) 97 Cal.App.4th 60, 72.)  Thus, this Court should send this

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

1   case back to Superior Court.  At a minimum, issue preclusion (collateral estoppel), res judicata,

2   law of the case, and/or the "Rooker-Feldman doctrine" should apply to bar re-litigation of the

3   issues determined in the ruling and the statements contained within the Superior Court ruling

4   should be utilized herein.

5                          **THIRD AFFIRMATIVE DEFENSE**

6              **(Acts Directed By Government Officials in Conformance with Law)**

7        3.       C&D TOWING's acts and conduct, were at all times directed by government

8   officials performing discretionary functions, did not violate clearly established statutory or

9   constitutional rights of which a reasonable person would have known.  Furthermore, C&D

10  TOWING reasonably believed in good faith that its acts and conduct were constitutional.  (See

11  *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v. Varney*, 665 F.2d 261, 266 (9th. Cir.

12  1981).

13                         **FOURTH AFFIRMATIVE DEFENSE**

14                          **(Adequate Remedy at Law)**

15       4.       Plaintiff has an adequate remedy at law.  He had the opportunity to contest the

16  imposition of the fees he now complains about in his Complaint.

17                          **FIFTH AFFIRMATIVE DEFENSE**

18                          **(All Obligations Performed)**

19       5.       C&D TOWING has fully and/or substantially performed any and all constitutional

20  obligations it may have had to Plaintiff.

21                          **SIXTH AFFIRMATIVE DEFENSE**

22                                **(Authorization)**

23       6.       The doctrine of authorization bars Plaintiff from prosecuting this action.  By

24  applying for, and obtaining, a motor vehicle license, Plaintiff agreed to comply with all the Codes,

25  statutes, regulations, resolutions, policies and ordinances applicable to persons owning and driving

26  vehicles.  Plaintiff authorized the imposition of the fees he now complains of in his Complaint.

27  / / /

28  / / /

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

**SEVENTH AFFIRMATIVE DEFENSE**

**(Compliance with the Law)**

7.      C&D TOWING's actions were in full compliance with all federal and State laws.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Consent)**

8.      Plaintiff is barred from prosecuting this action because Plaintiff, and/or the persons and/or entities acting on his behalf, consented to the imposition of the subject fees.  By applying for, and obtaining, a motor vehicle license Plaintiff agreed to comply with all the Codes, statutes, regulations, resolutions, policies and ordinances applicable to persons owning and driving vehicles.  Plaintiff consented to the imposition of the fees he now complains of in his Complaint.

**NINTH AFFIRMATIVE DEFENSE**

**(Defendant Acted in Accordance with Constitution)**

9.      C&D TOWING acted at all times within the scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations, ordinances, policies, resolutions and practices reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States and/or the State of California and Defendant is therefore not liable.

**TENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

10.      The doctrine of estoppel bars Plaintiff from prosecuting this action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

11.      Plaintiff failed to exhaust all administrative remedies.  He had the opportunity to request a hearing concerning the imposition of the fees of which he now complains.  He received all due process that he was entitled to under the circumstances.  C&D TOWING is informed and believes, and based thereon alleges, that the State provided a process that was constitutionally adequate.  C&D TOWING is informed and believes, and based thereon alleges, there were adequate  procedural safeguards built into the statutory and/or administrative procedure of effecting the alleged deprivation and any remedies for erroneous deprivations were not fully

WERTZ MCDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

1  explored by Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

12.    Plaintiff's failure to mitigate any purported damages bars Plaintiff's claims in this action.  He had the opportunity to request a hearing concerning the imposition of the fees of which he now complains.  He received all due process that he was entitled to under the circumstances.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith – Reasonable Belief that Actions were Required)

13.    C&D TOWING is not liable under the Federal Civil Rights Act where it acts in good faith and entertains an honest, reasonable belief that its actions were constitutionally sound and it was acting pursuant to a facially valid Code, statute, ordinance, regulation, rule, policy or resolution validly enacted by a governmental authority which advanced a number of legitimate government purposes, including public safety.  C&D TOWING is entitled to assert a defense to liability based on its good faith belief that it was towing Plaintiff's vehicles in compliance with a valid order by city officials.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Justification/Excuse)

14.    Plaintiff is barred from prosecuting this action because the acts and/or omissions alleged in the Complaint were justified and/or excused.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Laches)

15.    The doctrine of laches bars Plaintiff from prosecuting this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

16.    Plaintiff lacks standing to prosecute this action as he failed to exhaust his administrative and judicial remedies in State court.

/ / /

/ / /

**WERTZ McDADE WALLACE MOOT & BROWER**
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(No Constitutional Deprivation)**

17.    There can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Moreover, conduct that violates only state law will not support a claim under 42 § U.S.C. 1983.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Contractual Relationship)**

18.    No contractual relationship exists between Plaintiff and C&D TOWING. Plaintiff is not a third party beneficiary of the contract between the City of San Diego and C&D TOWING and has no ability to enforce any rights thereunder.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Malicious Intent)**

19.    C&D TOWING did not act with malicious intent to deprive any person of any Constitutional right or to cause any other injury and therefore is not liable.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Other Additional Affirmative Defenses)**

20.    C&D TOWING reserves the right to allege additional affirmative defenses as they may become known or as they may evolve during this litigation.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Proximate Cause – Other Persons)**

21.    Plaintiff's damages, if any, were proximately caused or contributed to by acts or failures to act of persons/entities other than C&D TOWING, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Proximate Cause – Plaintiff)**

22.    Plaintiff's own acts or failures to act proximately caused and/or contributed to

WERTZ MCDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

1  Plaintiff's injuries and damages, if any, and such damages should be reduced by an amount

2  proportionate to the amount by which said acts caused or contributed to the alleged injuries or

3  damages.

4  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

5  ### (Release)

6       23.     This action is barred because Plaintiff executed a release of all claims against C&D

7  TOWING.

8  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

9  ### (Rule or Regulation Promulgated in Conformance with Law)

10       24.     C&D TOWING is informed and believes, and based thereon alleges, that all rules,

11  Codes, regulations, policies, resolutions or directives followed by C&D TOWING were

12  promulgated within the scope of discretion, in good faith, and with due care, and with the intent

13  that such rule or regulation or directive conform in all respects to the Constitution and laws of the

14  United States and/or the State of California.  Plaintiff fails to allege that the adoption of the

15  Resolution was anything other than a valid exercise of the City of San Diego's police power to

16  regulate the amount of fees that may be imposed in connection with impounded vehicles.  Since

17  the Resolution was valid, the implementation thereof was valid as well.

18  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

19  ### (Simple Negligence not a Civil Rights violation)

20       25.     Simple negligence is not a Federal Civil Rights violation. (*Parratt v. Taylor* 451

21  U.S. 527, 101 S. Ct. 1908, 68 L.Ed.2d 420 (1981).)

22  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

23  ### (State procedure satisfies due process)

24       26.     Plaintiff's 42 U.S.C. § 1983 action is barred because a State procedure exists that

25  satisfies the requirements of procedural due process. (*Ingraham v. Wright,* 430 U.S. 651 (1977),

26  97 S.Ct. 1401, 1415, 51 L.Ed.2d 711).

27  ///

28  ///

WERTZ MCDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

WERTZ McDADE WALLACE MOOT & BROWER
A Professional Corporation
945 Fourth Avenue
San Diego, California 92101
Tel (619) 233-1888 • Fax (619) 696-9476

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

27.     Plaintiff's claims are barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure sections 336, 337, 338, 339, 343 and 344.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

28.     The doctrine of unclean hands bars Plaintiff from prosecuting this action.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Waiver)

29.     The doctrines of waiver and estoppel bars Plaintiff from prosecuting this action.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Unwarranted)

30.     Plaintiff has not stated sufficient facts to support a claim for punitive damages. C&D TOWING has not exhibited oppression, malice, gross negligence, willful or wanton misconduct, or reckless disregard for the civil rights of the Plaintiff.

WHEREFORE, C&D TOWING prays that:

A.     Plaintiff take nothing by reason of his Complaint;

B.     Plaintiff's Complaint be dismissed with prejudice;

C.     Defendant recover its attorney fees because plaintiff's claim is objectively frivolous, unreasonable or groundless and plaintiff continues to litigate after it clearly became so. See also, 42 U.S.C. § 1988 and 28 U.S.C.A. § 1927.

D.     Defendant recover its costs of suit; and

E.     Defendant be awarded such further relief as the Court deems just and proper.

Dated:  February 19, 2008            WERTZ McDADE WALLACE MOOT & BROWER
                                     A Professional Corporation


                                     By:  /s/ Lynn M. Beekman
                                         Attorneys for Defendant C&D Towing Specialists, Inc.