UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS,<br><br>                       Plaintiff,<br>  vs.<br><br>CITY OF SAN DIEGO et. al.,<br><br>                       Defendants. | CASE NO.07cv2170 LAB (LSP)<br><br>**ORDER DISMISSING PLAINTIFF'S CAUSE OF ACTION AGAINST MARTHA FLORES, STATE TRIAL COURT CLERK WITH PREJUDICE** |

     Presently before the Court is Defendants' motion to dismiss Plaintiff's claim against State Trial Court Clerk, Martha Flores (Doc. No. 5), Plaintiff's opposition (Doc. No. 7), and Defendants' reply (Doc. No. 8.)  For the following reasons, the Court **GRANTS** Defendants' motion to dismiss with prejudice.

**I.     Background**

     On November 13, 2007, Plaintiff filed his Complaint in this federal lawsuit, arising out of his dissatisfaction with an order made by the Honorable Wesley R. Mason III, Judge of the California State Trial Court ("Judge Mason").  The order denied Plaintiff's *ex parte* request to compel the clerk's office to time stamp and file stamp a Notice of Appeal in an underlying state court criminal traffic action. (Ds.' Motion, Ex. A.)

     In the state court action, Plaintiff was cited for violating Vehicle Code Section 22350 (unsafe speed and splitting traffic) on November 16, 2005.  On March 16, 2007, his conviction became final.

On June 19, 2007, Plaintiff made an *ex parte* request seeking a court order compelling the clerk's office to file his second notice of appeal in that action. (Ds.' Motion at 1–2.) Judge Mason denied that request, stating:

> The Court has reviewed defendant's hand written request submitted ex parte seeking a court order compelling the clerk's office to time stamp and file stamp a Notice of Appeal. The Court in reviewing the file takes judicial notice that the defendant's appeal in this traffic matter was denied February 16[,] 2007 and the Remittitur issued with the conviction becoming final on March 16, 2007. The Court hereby denies the defendant's further motion as the conviction in this case is final and the Court lacks jurisdiction to hear further motions thereon.

(*Id.*, Ex. A.)[1] As a result of this order, Plaintiff is now suing the State Trial Court Clerk, Martha Flores, for "refusing to accept" his notice of appeal. (Compl. at 6.) Specifically, Plaintiff alleges violations of his constitutional due process rights under the Fourteenth Amendment and seeks compensatory and punitive damages of $10,000 for each cause of action. (*Id.*, at 6, 8.)

**II.     Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the sufficiency of a plaintiff's complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering the motion, the court must accept as true Plaintiff's allegations of material fact, and construe them in the light most favorable to the plaintiff. *Barron v Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

A grant of dismissal is proper under 12(b)(6) where the claimant has failed to state a cognizable legal theory or has failed to state sufficient facts which would support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65 (2007) (internal citations and quotations omitted). Finally, in reaching this conclusion, the court may only consider the facts alleged in the complaint, documents attached to the

---

[1] Defendant Flores asks the Court to take judicial notice of this order. The Court may properly take judicial notice of the state court's order in this related case, and does so. *See Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that court may take judicial notice of matters of public record).

complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. Discussion: State Court Clerk's Immunity

In the present action, Plaintiff is suing Defendant Flores in connection with Judge Mason's exercise of a judicial function. Judge Mason's order establishes Defendant Flores was exercising her delegated authority in properly rejecting a late appeal. Court clerks have absolute quasi–judicial immunity when they perform tasks that are an <u>integral part of the judicial process</u>. *See In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (citing *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996)); *Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir. 1987). *Accord Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties. This is a function for which judges and their supporting staff are afforded absolute immunity.") Immunity is afforded for activities, such as giving notice, that are "inexorably connected with . . . and are analogous to judicial action invoke absolute immunity . . . Thus, not only the actual decision . . . but also activities that are part and parcel of the decision process justify absolute immunity." *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996) (citations omitted). "The fact that the activity is routine or requires no adjudicatory skill renders that activity no less a judicial function." *Id.* at 1444–45.

In *Duvall v. County of Kitsap*, 260 F.3d 1124, 1144 (9th Cir. 2001), the Ninth Circuit discussed this very subject:

> As the Supreme Court has observed, "most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 227, 98 L. Ed. 2d 555, 108 S. Ct. 538 (1988). Duvall does not need, and should not be allowed, to seek damages from a court administrator for an arguably incorrect determination about his needs or the court's ability to address them. This is what appeals are for. To withhold judicial immunity from the clerk in these circumstances permits a party to play the clerk off against the judge, an unseemly as well as unnecessary distraction . . . . Without question, the judge is the final decision-maker with respect to proceedings in his court.

Certainly, judges are "not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)); *Ferri*

*v. Ackerman*, 444 U.S. 193 (1979); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). So long as the challenged judicial act is within the jurisdiction of the court, there is absolute judicial immunity from liability for the act even where there are allegations of conspiracy. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Furthermore, this is "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519 U.S. 1118 (1997).

The two authorities Plaintiff cites in his opposition, *Snyder v. Nolen*, 380 F.3d 279 (7th Cir. 2004) and *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972) are inapposite. *McCray* was partially overruled on the point for which Plaintiff cites it, as noted in *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995) and, in any event, was decided on the basis of state law not applicable here. In *Snyder*, the defendant clerk acted beyond his authority by removing a case from the file and returning it unadjudicated to a litigant contrary to law and with no direction from any judge to do so. This obviously did not happen in this case as Judge Mason's order makes clear. Furthermore, *Snyder* recognizes its holding departs from that of other circuits, including the Ninth Circuit, whose precedents are binding in this case. 380 F.3d at 287 n.7 (citing *Mullis*.)

Thus, the authorities conclusively establish that Plaintiff's action against Defendant Flores, the State Trial Court Clerk, is barred by judicial immunity. *See also Sharma v. Stevas*, 790 F.2d 1486 (9th Cir. 1986) (clerk of United States Supreme Court has quasi-judicial immunity); *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979) (court clerk's "failure . . . to perform a ministerial duty [giving notice of order] which was a part of judicial process is also clothed with quasi-judicial immunity"); *Harmon v. Superior Court*, 329 F.2d 154, 155 (9th Cir. 1964) (recognizing absolute immunity for county clerk and other judicial personnel).

**IV.   Conclusion and Order**

Because claims against Defendant Flores are being dismissed on immunity grounds, the court need not reach the Eleventh Amendment and abstention issues. Because it is absolutely clear Plaintiff

/ / /

cannot amend to state a claim against Defendant Flores. Therefore, the Court **DISMISSES** this cause of action **WITH PREJUDICE**.

      **IT IS SO ORDERED**.

DATED: April 8, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge