# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS,<br><br>    Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO, et al.,<br><br>    Defendants. | CASE NO. 07cv2170-LAB (LSP)<br><br>**ORDER GRANTING MOTION TO DISMISS BY DEFENDANTS HIBSHMAN, PARKER, AND CITY OF SAN DIEGO** |

On December 28, 2007, Defendants Hibshman, Parker, and City of San Diego (the "City") (collectively, the "Municipal Defendants") filed their motion to dismiss. Judge Janis Sammartino, to whom this case was assigned, took the motion under submission pursuant to Civil Local Rule 7.1(d)(1). This case was then transferred to Judge Larry Burns. The Court has reviewed the pleadings and considers this matter suitable for disposition without further briefing or oral argument.

**I.   Background**

Defendant Byron Hibshman is a San Diego Police officer, and Defendant Patricia Parker is a San Diego Parking Enforcement Officer.

Plaintiff's claims arise out of a series of traffic incidents resulting in the imposition of costs on Plaintiff which he challenges under 42 U.S.C. § 1983. The first incident occurred on November 15, 2005. Plaintiff alleges he was riding his motorcycle when, for no reason

at all, Defendant Hibshman pulled Plaintiff over. Plaintiff alleges Hibshman began inspecting Plaintiff's motorcycle and noticed a problem with a turn signal, after which he began citing Plaintiff. Plaintiff alleges he then "asserted all his common law and constitutional rights," at which point Hibshman arrested him and seized the motorcycle. As a result, Plaintiff was required to pay towing and storage costs, and fees to the City. The complaint alleges legal proceedings over the fees owed ended on December 14, 2005. Plaintiff alleges Defendant Hibshman wrongly arrested him and impounded his motorcycle, and the City lacked statutory authority to impose fees. He also brought a claim against Defendant C&D Towing Specialists, Inc., which has not yet been the subject of a motion.

The second incident arose from a speeding ticket Plaintiff says he was issued on November 16, 2005. This incident gave rise only to a claim against Defendant Flores, which has since been dismissed.

The third alleged incident occurred on October 14, 2006. Plaintiff says his vehicle was parked on a public street but it was towed even though no statute authorized the towing, and was eventually sold at auction. He brings a claim against Defendant Parker for denial of his Fourth Amendment rights.

The fourth alleged incident occurred on July 23, 2007. Plaintiff alleges he entered a San Diego hospital for treatment of a severe burn. He says he parked his vehicle on a street and, when he returned, found his vehicle had been cited because he lacked a residential permit. He alleges San Diego's Municipal Code which permits the City to restrict parking on residential streets, violates the Fourteenth Amendment.

## II.    Legal Standards

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a motion to dismiss, the Court accepts all allegations of material fact as true and construes the pleadings in the light most favorable to the nonmoving party. *Williams ex rel. Tabiu v. Gerber Products Co.*, 523 F.3d 934, 937 (9th Cir. 2008) (citation omitted). The Court does not assume the truth of legal conclusions merely because they are cast in the form of factual allegations.

*Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Nor will the Court supply essential elements of the claim that were not initially pled. *Ivey v. Bd. of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

**III.   Discussion**

   **A.   Statute of Limitations**

A statute of limitations defense may properly be raised by a motion to dismiss if the running of the statute is apparent on the face of the complaint. *Jablom v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

The Municipal Defendants argue Plaintiff's claims against Defendants Hibshman and Parker are time-barred. They argue for the principle that claims under § 1983 for issuing wrongful citations borrow the forum state's limitations period. *See Wallace v. Kato*, 127 S.Ct. 1091, 1095–96 (2007) (holding limitations on § 1983 claim for wrongful arrest, a subspecies of false imprisonment, were governed by state law). California's limitations period for actions for false imprisonment is one year. Cal. Code Civ. Proc. § 340(c). The limitations period for actions against officers to recover damages for the seizure of property for a statutory forfeiture to the state is one year. Cal. Code Civ. Proc. § 340(d).

While the limitations period and tolling rules for a cause of action under § 1983 are borrowed from state law, 127 S.Ct. at 1094, 1098 (citations omitted), the accrual date is a question of federal law. *Id*. at 1095. For the tort of false arrest, the accrual date is the date the wrongful detention ended (*i.e.*, the date Plaintiff either was released or the date he was first given due process while in custody), *id.* at 1096, and the limitations period as noted is one year. The claims for false arrest against Defendant Hibshman thus accrued no later than December 14, 2005, when Plaintiff's case was dismissed. (Compl. at 2:28.)

The incident involving Defendant Parker involved no arrest, but merely the seizure of his vehicle. Plaintiff notes seizures of vehicles are permitted under Cal. Vehicle Code § 22651 but contends the statutory conditions for seizure were not met. The claims against both officers for the alleged wrongful seizure accrued on the dates when Plaintiff knew or had reason to know of the injury. *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1058

(9th Cir. 2002) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998)). There is no allegation these officers were in any way responsible for determining whether seized property should be forfeited or returned.

Cal. Vehicle Code § 22651(h)(1) permits seizure of a vehicle whenever an officer arrests a driver and may or must take the driver into custody. It is thus unclear whether wrongful impoundment in the first incident might call into question the validity of a criminal conviction. The Court will therefore assume the accrual date for the claim against Defendant Hibshman is the date his case was dismissed, December 14, 2005.

As Plaintiff points out, Defendant Parker impounded his vehicle pursuant to Cal. Vehicle Code § 22651(o)(1)(A), which permits the impoundment of vehicles whose registration expired at least six months before. Plaintiff admits his registration had expired but denies it was as long as six months before his vehicle was impounded. Plaintiff argues his claim against Defendant Parker is not time-barred because his impounded vehicle was kept "until approximately December 1, 2006 when it was sold off at auction." (Pl.'s Opp'n to Mot. to Dismiss at 3:4–7.)

Plaintiff has not alleged the reasons why his vehicle was sold. Nor has he alleged Defendant Parker played any part in keeping his vehicle impounded or causing it to be sold at auction; he has only alleged that she unlawfully caused it to be impounded initially. The only wrong he alleges Defendant Parker committed was impounding his vehicle without statutory authority. Thus, based on facts pleaded, any harm caused by Defendant Parker was complete on the date Plaintiff's vehicle was impounded.[1] Because this claim does not call into question the validity of a criminal conviction, the date Plaintiff's vehicle was impounded — October 14, 2006 — is the applicable accrual date for claims against Defendant Parker. *See Matthews v. Macanas*, 990 F.2d 467, 469 (9th Cir.1993) ("Where false arrest or illegal search and seizure is alleged, the claim accrues from the date of the wrongful arrest.") (partially abrogated, as noted in *Pascual v. Matsumura*, 165 F. Supp.2d

---

[1] This is distinct from any harm caused by the City when it caused Plaintiff's vehicle to be sold. Plaintiff has not made any claim against the City for selling his vehicle, however. (Compl. at 7:1–18.)

1149, 1151–52 (D.Hawaii 2001) (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) for the principle that, where a claim would necessarily imply the invalidity of a criminal conviction, the claim only accrues after the underlying conviction has been set aside)).

Plaintiff filed his complaint in this action on November 13, 2007, over a year after his claims against Defendants Hibshman and Parker accrued. Therefore, unless the statute is tolled, Plaintiff's claims against these Defendants must be dismissed.

Plaintiff argues for tolling of his claims against Defendant Hibshman, stating: "This cause of action was originally timely filed in state court on 12-5-06 . . . ." (Pl.'s Opp'n to Mot. to Dismiss at 1:22–24.) He attaches a copy of his complaint, showing he brought the same claim against Defendant Hibshman in state court as he did here. (*Id.* at 6–7.) Plaintiff states he dismissed his state-court action without prejudice on February 22, 2007. (*Id.* at 1:28–2:2.) He cites *Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993) for the principle that he is entitled to equitable tolling. Defendant Hibshman admits Plaintiff filed an administrative tort claim with the City of San Diego on May 11, 2006, nearly six months after the incident.

Under the three-part test cited in *Cervantes*, a plaintiff's pursuit of a remedy in another forum tolls the limitations period if 1) the first claim gave defendants timely notice; 2) there was no prejudice to defendants in gathering evidence for the second claim; and 3) plaintiff acted reasonably and in good faith in filing the second claim. 5 F.3d at 1275 (citations omitted). The Court need not address all three prongs of the test, because it is clear Plaintiff has not satisfied the third requirement.

Plaintiff says he voluntarily dismissed his state court action because the state court issued a tentative ruling dismissing his complaint with leave to amend. In order to avoid an adverse ruling, he dismissed his complaint in state court before the tentative ruling became final, then later re-filed in this Court. (Pl.'s Opp'n to Mot. to Dismiss at 2:14–23.) Accepting Plaintiff's factual statements as true, Plaintiff had a reasonable opportunity to litigate his claims in state court, but voluntarily withdrew them and without explanation waited nine months before re-filing in a different forum, apparently hoping for a different result. What

Plaintiff has described is not reasonable behavior but, in essence, forum shopping.

Plaintiff is therefore not entitled to equitable tolling. Furthermore, even if Plaintiff were entitled to equitable tolling for some of the time he was pursuing state remedies, he has not shown he would be entitled to tolling from the accrual dates until the date he voluntarily dismissed his state claims.

### B.   Constitutionality of Towing and Storage Fees

Plaintiff has attacked the Constitutionality and legality of a $72 administrative fee imposed after his vehicle was impounded when Defendant Hibshman arrested him. (Complaint at 3–4.) Although it is not clearly stated, he may also be challenging a $102 negligent impound fee. (*Id.* at 3:19–24.) He has alleged the total he had to pay, including storage and towing fees to the tow yard, was $344.00. (*Id.* at 2:22–27.)

Plaintiff's claim depends in part on his argument these fees are not authorized by state law. To the extent Plaintiff is challenging the statutory authorization of these fees, he has failed to state a claim under § 1983, because by its terms, § 1983 protects only against violations of federal law. *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted).

Plaintiff argues the City violated his Due Process rights under the Fourteenth Amendment. Plaintiff has not alleged he was denied the opportunity to be heard on the issue of whether he owed fees, and seems to imply he was given the opportunity to litigate this. (Compl. at 2:28.) *See Salvatto v. County of Solano*, 2007 WL 926788, slip op. (E.D.Cal. March 27, 2007) (holding that because California provided adequate postdeprivation remedies for redress when a vehicle is impounded, plaintiff failed to state a Due Process claim). Rather, he limits his allegations to challenging the City's policy of requiring that vehicles remain in impound until the fees are paid. (Compl. at 4:17–20.) Plaintiff cites no authority for the proposition that a municipal government must release an impounded vehicle before fees are paid, nor is it apparent why the Constitution would require this. The Court therefore holds the City's policy of requiring payment of fees before release of the impounded vehicle does not violate the Constitution. *See City of Los Angeles v.*

1  *David*, 538 U.S. 715, 717–19 (2003) (holding that, in contrast to deprivation of the use of a
2  car, deprivation of the use of money in the form of impound and towing fees did not work a
3  serious harm, and a 27-day delay in providing a postdeprivation hearing did not violate Due
4  Process). *See also Hupp v. City of Walnut Creek*, 389 F. Supp.2d 1229, 1233–34 and n.8
5  (N.D. Cal. 2005) (examining the Constitutionality of California's towing and impoundment
6  statutes).

7        Plaintiff has argued the $72 administrative fee is imposed only in cases where the
8  driver was arrested, while the $102 negligent impound fee, which supposedly covers all
9  administrative costs, is imposed in all cases. It is therefore unclear what the administrative
10 fee is intended to cover. Plaintiff has not, however, argued the administrative fee is therefore
11 excessive, nor have the Municipal Defendants briefed this issue. *See Ross v. Duggan*, 402
12 F.3d 575, 588–89 (6th Cir. 2004) (rejecting contention that fines and fees for release of an
13 impounded vehicle ranging from $900 to $2000 violated the Eighth Amendment). Rather,
14 his opposition to the motion to dismiss shows he is focusing on the City's alleged lack of
15 statutory authority to collect the fees. (Pl.'s Opp'n to Mot. to Dismiss, at 3:17–4:6.)

16       **C.**      **Residential Permit Parking**

17       Plaintiff alleges the City requires residential permits for parking on the residential
18 street he parked on. He argues this is unconstitutional, contending "[t]he City of San Diego
19 cannot restrict parking on a public street to only a portion of the public." (Compl. at 8:4–5.)

20       Plaintiff's blanket assertion, which is his sole legal argument, is inaccurate. In *County*
21 *Bd. of Arlington County, Va. v. Richards*, 434 U.S. 5 (1977), the Supreme Court considered
22 restrictions on nonresident parking and found them permissible, as long as the restriction
23 imposed promoted the regulation's purpose.

24       The Equal Protection clause of the Fourteenth Amendment requires similarly-situated
25 persons to be treated alike, unless there is at least a rational reason for treating them
26 differently. *Engquist v. Oregon Dept. of Agriculture*, ___ S.Ct. ____, 2008 WL 2329768, slip
27 op. at *7 (June 9, 2008) (citing *Hayes v. Missouri*, 120 U.S. 68, 71–72 (1887); *Village of*
28 *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). Plaintiff has not pleaded facts showing

he is situated similarly to people who are permitted to park in the neighborhood adjoining the hospital. To this extent, he has failed to plead facts supporting an Equal Protection claim. Furthermore, in view of the Supreme Court's holding in *Arlington County*, it appears likely the City has a rational basis for restricting parking in the neighborhood adjoining a hospital to residents of that neighborhood. If Plaintiff seeks leave to amend his complaint, he should be prepared to show why this is not so.

### IV. Conclusion and Order

Dismissal of a *pro se* plaintiff's claims without leave to amend is proper only if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

Because it is clear the statute of limitations bars Plaintiff's claims against Defendants Hibshman and Parker, these claims are **DISMISSED WITH PREJUDICE**.

While Plaintiff's claims against the City are being dismissed, it is not absolutely clear they cannot be saved by amendment. Plaintiff's claims against the City are therefore **DISMISSED WITHOUT PREJUDICE**. Plaintiff must, however, obtain leave to amend before filing any amended complaint.

This ruling does not affect claims against the remaining Defendant, C&D Towing Specialists, Inc.

**IT IS SO ORDERED**.

DATED: June 18, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge