# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DARULIS,<br><br>                              Plaintiff,<br>   vs.<br><br>CITY OF SAN DIEGO, et al.,<br><br>                              Defendants. | CASE NO. 07cv2170-LAB (LSP)<br><br>**ORDER OF DISMISSAL** |

On June 16, 2008, the Court dismissed without prejudice Plaintiff's claims against the City of San Diego brought under the theory that an administrative fee imposed in connection with the towing and impoundment of his motorcycle was not authorized by state law. On August 1, 2008, the Court denied as futile Plaintiff's motion to file an amended complaint. The Court found his claims were nothing more than an attempt to litigate state law issues under the guise of a Fourth Amendment claim, and therefore the Court had no jurisdiction over them. (Order of August 1, 2008 at 1:27–2:4.)

In the same order, the Court ordered Plaintiff to show cause why his claims against Defendant C&D Towing Specialists, Inc. over the same fees should not be dismissed for lack of jurisdiction. (Order of August 1, 2008, at 2:8–20.)

On August 25, 2008, Plaintiff filed a memorandum of points and authorities ("Memo") in an attempt to show cause as ordered. The Memo, however, relies on exactly the same

1  theory as his dismissed claims against the City of San Diego, which the Court has already
2  found insufficient as a basis for exercising jurisdiction over these claims.
3        Plaintiff cites *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320 (9th Cir. 1982) in
4  support of his position. There, the Ninth Circuit addressed a plaintiff's contentions that
5  impoundment of his vehicle was not authorized under municipal law, and that the post-
6  deprivation hearing he was permitted was insufficient to satisfy due process requirements.
7  Plaintiff's claims here are different. Here, he was given a hearing. Because other claims
8  have been dismissed, the impoundment of Plaintiff's motorcycle is not at issue, only the
9  amount of the fee he was required to pay. His only argument against the City was that the
10 $72 administrative fee imposed when an unlicensed driver's vehicle impounded, over and
11 above a $102 negligent impound fee, was not properly authorized by state law.
12       Initially, Plaintiff contended the City of San Diego "invented" the resolution imposing
13 the fee. (Opp'n to Mot. to Dismiss (Docket no. 6), at 4:2–6.) In the proposed amended
14 complaint, however, he admits the fee was authorized by the City of San Diego's Resolution
15 R-287838. (Appl. to File Am. Compl. (Docket no. 30) at1:26–28.) He agrees this resolution
16 relies on California Vehicle Code § 22850.5, which authorized imposition of fees that are
17 reasonable and directly related to the services provided, as the enabling statute. However,
18 he argues the costs of impounding an unlicensed driver's car are already covered by the
19 $102 negligent impound fee and, therefore, the additional $72 administrative fee is not
20 permissible under the enabling statute. (*Id.* at 2:1–11; Compl. at 3:10–4:9.)
21       The resolution itself finds the fee is an accurate measure of the costs of documenting,
22 researching, prosecuting, tracking, and releasing impounded vehicles where the driver is
23 unlicensed. (Memo., Ex. 2 at 1–2.) Whether the municipal resolution is in fact "reasonable
24 and directly related to the services provided" within the meaning of § 22850.5 is, however,
25 really a question of state law. Plaintiff does not argue the fee is so excessive as to violate
26 the Eighth Amendment, or that the resolution imposing the fee is unreasonable under the
27 Fourth Amendment. In other words, Plaintiff is not arguing the fee is not authorized by law
28 at all, or that the authorizing law (the municipal resolution) violates the U.S. Constitution, but

rather that the authorizing law (the resolution) contravenes state law (the enabling statute, § 22850.5).

Although Plaintiff was only ordered to show cause with regard to jurisdiction, the Court notes as an additional matter that his claims against Defendant C&D Towing Specialists, Inc. accrued some time before December 14, 2005. Plaintiff's claims against the officer who arrested him and caused his motorcycle to be impounded, resulting in the imposition of the $72 fee, were dismissed as time-barred. (Order of June 18, 2008 at 3:5–4:8, 8:12–13.) For the same reasons, it is apparent if the Court were to reach the question, Plaintiff's claims against the City of San Diego and C&D Towing Specialists, Inc. arising out of the same incident would also be time-barred.

Because Plaintiff has not shown this Court has jurisdiction to consider his claim claims against Defendant C&D Towing Specialists, Inc., these claims are therefore **DISMISSED WITHOUT PREJUDICE**. Because no other claims remain, this action is likewise **DISMISSED WITHOUT PREJUDICE** but **WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED**.

DATED: September 30, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge